KFV
45
.A2
v.72

## McIntyre & Wardwell   *v.*   Isaac H. Williamson.

January Term, 1900.

Present:  Taft, C. J., Rowell, Munson, Start, Thompson and Watson, JJ.

Opinion filed March 9, 1900.

*Personal liability of trustees*—The plaintiffs had dealings with the defendant in which he was designated "trustee," and sued him personally on a claim based on such dealings. That the defendant was a trustee dealing on account of his trust, and that the plaintiffs so knew, were not facts sufficient to protect the defendant from personal liability.

*Same—Transactions within scope of trusteeship*—A trustee may be personally liable on dealings conducted in behalf of the trust, within the limits prescribed by law in that regard. In such cases he can secure reimbursement from the trust fund.

*Trustee how relieved from personal liability*—A trustee, in dealings on account of his trust, can relieve himself from personal liability only by a definite understanding with those with whom he deals that the transactions are had otherwise than upon his personal responsibility.

*Rules as to liability of agent not applicable*—The rules which determine the liability of an agent are not applicable to trustees.

Assumpsit. Plea, the general issue. Trial by jury, Windham County, March Term, 1899, *Tyler*, J., presiding. Verdict and judgment for the defendant. The plaintiffs excepted.

The verdict was directed by the court on the motion of the defendant set out in the opinion. The plaintiffs were brokers, and the defendant, at the time of the transactions in question, was vested with the legal title of a fund bequeathed to him by his father in trust.

The claim of the plaintiffs grew out of transactions in the purchase and sale of stocks, etc., by the plaintiffs in their business as brokers.

*Haskins & Schwenk* for the plaintiffs.

*Waterman & Martin* and *Clarke C. Fitts* for the defendant.

Munson, J. The action is general assumpsit. The court directed a verdict for the defendant on a motion which assigned

as grounds therefor that the plaintiffs dealt with the defendant in his capacity as trustee, and that the plaintiffs' testimony disclosed no cause of action under the pleadings. The case stands upon the plaintiffs' exception to this ruling.

The dealings upon which the suit is based were had by and with the defendant as "trustee." He could become personally holden notwithstanding the use of this term. The legal estate was in him, and he was acting for himself in managing it. His official title served only as a personal description, and to separate the dealings from those pertaining to his personal matters. If he dealt in behalf of the trust estate, and within the limits prescribed by law, he can secure reimbursement from the fund. But the parties with whom he dealt can hold him personally liable, whatever his situation as regards the trust estate. The fact that they knew of the trust and that he was dealing on its account, will not protect him. He could relieve himself from personal liability only by a definite understanding that the transactions were had upon some other responsibility. It was error to direct a verdict for the defendant upon the case disclosed by the evidence. 27 A. & E. Ency. Law, 221; 1 Parsons on Contracts, \*121; *New* v. *Nicoll*, 73 N. Y. 127; *United States Trust Co.* v. *Stanton*, 139 N. Y. 531; *Mulrein* v. *Smillie*, 25 App. Div. (N. Y.) 135; *Hackman* v. *Maguire*, 20 Mo. App. 286; *Glenn* v. *Allison*, 58 Md. 527.

The decisions of this court to which we are referred are not at variance with the rule above stated. In *Blaisdell* v. *Stevens*, 16 Vt. 179; *Townsley* v. *Barber*, 27 Vt. 417; and *Walston* v. *Smith*, 70 Vt. 19, the question was as to the rights acquired against the beneficiaries by conveyances from or dealings with the trustee. The other cases cited were cases of agency, and the rules which determine the liability of an agent are not applicable to trustees.

*Judgment reversed and cause remanded.*