No. 24,102.

Edwin A. Austin, *Appellee*, v. The Prudential Trust Company,
Trustee, et al., *Appellants.*

SYLLABUS BY THE COURT.

1. Attorney at Law—*Contract of Employment—Question of Fact for Jury.*
In the circumstances shown by the evidence it was a question for the
triers of the facts whether a writing signed by a trustee, in terms author-
izing an attorney to commence and prosecute an action in which the trus-
tee was named as the plaintiff, was merely a consent that the trustee's
name might be used in an action to be brought in behalf of the beneficiaries,
or was an employment of the attorney by the trustee rendering him per-
sonally liable for his services.

2. Same—*Rulings of Court.* Various trial rulings are held not to require a
reversal.

Appeal from Shawnee district court, division No. 1; James A. McClure,
judge. Opinion filed January 6, 1923. Affirmed.

*John S. Dean, James A. Troutman, J. B. Larimer, Harry W. Colmery* and
*W. Glenn Hamilton,* all of Topeka, for the appellant.

*Otis E. Hungate,* and *John J. Schenck,* both of Topeka, for the appellee.

The opinion of the court was delivered by

Mason, J.:  Edwin A. Austin sued the Prudential Trust Com-
pany for his services as an attorney (and for expenses incurred) in
proceedings for the enforcement of a bond given to such company as
trustee for a number of individuals.  He recovered a judgment, and
the company appeals.

In 1917 the North American Hotel Company, a corporation
owning hotels in different places, obtained subscriptions of a num-
ber of residents of Topeka to its capital stock by an agreement
that the money paid therefor should be used in the construction
of a hotel in that city.  Later it received permission to use this fund
for other purposes, giving a bond, running to the Prudential Trust
Company as trustee for the Topeka subscribers, that it would com-
plete the hotel within a time stated.  The hotel was not built, and
the plaintiff, with the permission of the Prudential company, in its
name brought an action upon the bond to recover damages for this
breach of the contract.  The action was removed to the federal
court, where a settlement was effected which was embodied in a
judgment, as a result of which the amount adjudged was paid to the

35—112 Kan.

trustee. The services and expenses for which recovery was had in the present action are those rendered and incurred in connection with that proceeding.

All but four of the Topeka subscribers to the stock in the hotel company agreed to exchange it for stock in a new corporation which they organized under the name of the Kansas Hotel Company.. The new company was made a defendant in this action, together with the subscribers who did not participate in the agreement. No judgment was rendered against any one except the Prudential Trust Company, and it will be hereinafter spoken of as the defendant.

1. The defendant signed a writing authorizing the plaintiff to bring in its name the action on the bond, and received an undertaking for its protection against loss on account thereof signed by three of the Topeka subscribers to the North American stock who were parties to the agreement for its exchange for stock in the Kansas Hotel Company. The plaintiff contends that these writings, in connection with the evidence relating to them, show an employment of him by the defendant to bring the action, rendering it personally liable to him for the reasonable value of his services, for which it would in turn have a claim against the funds of the trust, being protected against ultimate loss by the undertaking referred to. The defendant asserts that the effect of the writing it signed, in view of the evidence concerning the transactions of which it was a part, did no more than to authorize those for whom it was trustee to maintain an action in its name for their benefit, involving no liability on its part for the payment of an attorney's fee. The case turns largely upon the question which of these contentions is correct. The language of the writings referred to is as follows:

"In the District Court of Shawnee County, Kansas.

The Prudential Trust Company, Plaintiff, v. The North American Hotel Company and the American Surety Company, Defendants.

"We the undersigned hereby bind ourselves to The Prudential Trust Company to pay all costs and attorney fees, and all loss or damage, which may result to the Prudential Trust Company by reason of the commencement and prosecution of the action above entitled on the bond of The North American Hotel Company and the American Surety Company, to construct the Hotel at the North East Corner of 9th and Kansas Avenue, City of Topeka, Kansas.                    THOMAS PAGE,

THOMAS PAGE MILLING CO.,
By Thomas Page,
FRANK P. MacLENNAN."

Austin v. Trust Co.

"In the District Court of Shawnee County, Kansas.

The Prudential Trust Company, Plaintiff, v. The North American Hotel Company, and The American Surety Company, Defendants.

"In consideration of the bond of Thomas Page, et al., The Prudential Trust Company hereby authorizes the commencement and prosecution of the action above entitled on the bond of said defendants to this Company for the construction of the Hotel at the North East Corner of 9th and Kansas Avenue, City of Topeka, Kansas, by Edwin A. Austin and such other lawyers as he may associate with him. Dated July 15th, 1919.

THE PRUDENTIAL TRUST COMPANY,
by S. E. COBB, *President.*"

The document signed by the defendant is sufficiently ambiguous to justify resort to a consideration of the attendant circumstances for its interpretation. While it might seem unreasonable for the defendant intentionally to bind itself individually for the payment of an attorney's fee with respect to litigation in which it had no personal interest, the rule is that "when a trustee employs an attorney in the execution of his trust, such attorney must look to the person employing him individually for his payment, and can have no claim on the trust fund" (6 C. J. 734), the trustee of course being entitled to reimbursement from the trust estate (39 Cyc. 339; see, also, 22 Columbia Law Review 527). Ordinarily one who renders services to a trustee, in execution of the trust, creates a liability only against him personally (26 R. C. L. 1316-17) and in order to absolve the trustee from personal liability upon his contract an express agreement to that effect is necessary (39 Cyc. 333). There is in the writing under consideration no explicit exemption of the trustee from personal liability, and the giving of an indemnity bond does not necessarily imply it.

Some of the evidence tended to support the defendant's claim that no employment of the plaintiff by the defendant was contemplated by the parties. For instance, in a letter written by the plaintiff to a representative of the Kansas Hotel Company refusing an offer of a check of the trustee for $1,000 and his expenses, he said: "You, of course, realize that no one was personally responsible to me for any fee, or even for a refund of my necessary disbursements. There was no trust fund from which either could be paid, unless my services should be successful, and the fund sued for recovered. I went ahead and advanced my own costs and expenses without any guarantee of repayment. The two suits which I brought, finally produced results which everybody must concede

are adequate and should be gratifying to the beneficiaries. Without deducting any fee or reimbursement, I turned over the entire proceeds, relying upon the worthy gentlemen who would have charge of the adjustment of my compensation to do the right thing." The language is open to various interpretations, but putting upon it the most unfavorable construction for the plaintiff it was merely evidence to be considered in arriving at the actual situation. It did not work an estoppel or otherwise conclude the controversy. This is also true of the fact that the plaintiff first presented his bill for services and expenses to the Kansas Hotel Company; a witness for the defendant testified explicitly that the plaintiff was not employed by the company to bring the suit on the bond. In his petition in the present case the plaintiff alleged that his claim ought to be paid out of the trust fund and should be made a charge upon it. Whether or not this was so as a matter of law it was not necessarily inconsistent with a personal demand against the trustee. Nor did it, as the defendant claims, prevent the action being tried as one for the recovery of a personal judgment. Nor is any greater effect to be given the plaintiff's testimony that he was charging for his services against the trust fund—that he asked a personal judgment against the defendant and that it be paid out of the money recovered in the action on the bond. The trust fund would be the ultimate source of payment although the plaintiff was required to look solely to the defendant, and the defendant to look to the fund for reimbursement.

This testimony was developed in the cross-examination of the plaintiff:

"Now, neither Mr. Cobb nor any other officer of the Prudential Trust Company had approached you for your advice or to employ you in any matter, had they? A. No, sir.

"Q. And you must have been in communication with somebody else about the affairs of this North American Hotel Company, weren't you? A. No, sir; not with reference to the commencement of this suit.

"Q. What were you talking with them about? A. Oh, I had all these other things that you have already spoken about, that you wanted to make sure to eliminate, as representing the Kansas Hotel Company, which was the assignee of nearly all of the stockholders of the North American Hotel Company.

"Q. Hadn't you been in consultation with some of the heavy subscribers? A. Why, with Mr. MacLennan mostly, as president of the Kansas Hotel Company.

. . . . . . . . . . . .

"Q. Now, you people had been holding consultations together with refer-

ence to this situation, hadn't you? A. Yes, there had been a good many conferences.

"Q. Yes, and you people had concluded finally, did you, that suit ought to be brought for the protection of these people with whom you had been in consultation. Is that right? A. Well, there wasn't any consultation with reference to the commencement of this suit. I noticed in the paper of a lawsuit and attachment had at Eldorado, brought on July 14th, and I immediately asked Mr. Cobb for this authority and effected the bond to indemnify him.

.    .    .    .    .    .    .    .    .    .    ..    .    .    .    .

"Q. Do you hold any stock in the North American Hotel Company, or did you? A. No, sir.

"Q. You weren't interested personally, then? A. Not at that time.

"Q. No. Do you mean to say, then, as an attorney you went to the Prudential Trust Company and tried to break into a lawsuit? A. Well, there were fifty or sixty people here in Topeka interested in the situation, and Mr. MacLennan and the people associated with him in the organization of the Kansas Hotel Company, assumed, perhaps gratuitously, to make some effort in behalf of everybody.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"A. And I was engaged in representing the Kansas Hotel Company, and, thereby, to represent all of the stockholders, and I tried to do everything that I could to that end.

"Q. Therefore, you went, as an attorney and representative of some special stockholders? A. No, sir; I did not.

"Q. To get permission to bring this suit, didn't you? A. No, sir; I went there as representing everybody—everyone of those stockholders.

..    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Q. Then you were going as representative of the subscribers to that fund— A. Yes, sir.

"Q. To the Prudential Trust Company and requesting, on behalf of these men that you represented, that you might bring a suit in the name of the Trust Company? A. The Trust Company was named as trustee of all those people, and I went to Mr. Cobb as such trustee and asked that he bring this suit in behalf of the people for whom he was trustee.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Q. Did you request that he authorize you to use the name of the Trust Company to bring this suit for the men you represented and had been assisting for two years in this matter? Didn't you? A. Well, that is another way of stating that I wanted to bring suit in the name of the Prudential Trust Company as trustee for all of the stockholders; yes."

The court is of the opinion that neither this nor any other part of the evidence conclusively shows that the effect of the writing was merely to authorize the beneficiaries through their attorney, the present plaintiff, to use the name of the trustee in the prosecution by them of an action on the bond; and that the question whether it should be given that effect or regarded as an employment of the

plaintiff by the trustee to prosecute such action as his attorney was one to be determined by the triers of the facts.

The defendant asserts that it had no duties to perform as trustee —that the trust was a passive or dry one—and therefore that it was not subject to personal liability. The plaintiff contends that the trust was an active one, and in support of the contention calls attention to a provision of the bond that no right of action thereon should accrue to, or for the use and benefit of, anyone other than the obligee therein named. We do not regard this language as meaning that the trustee rather than the beneficiaries should enforce the bond, but merely that no third person—a stranger to the contract— should have the right to do so. The beneficiaries rather than the trustee would seem entitled to decide the course to be pursued for the protection of their interests—to say whether and when and where an action should be brought and what settlement should be made. It is said that the beneficiary has a right to the use of the name of the trustee for the purpose of bringing a legal action without express authorization (39 Cyc. 446, 447) and that where the trustee has been indemnified he will not be permitted to interfere in its conduct (449). See, also, 2 Perry on Trusts and Trustees, 6th ed., § 520. But assuming the trust to be a passive one, this would not relieve the defendant from personal liability if it employed the plaintiff to bring the suit. Indeed if it acted beyond its authority in the matter, that would appear to afford an additional ground for holding it liable.

2. Complaint is made of the rejection of a letter written by the plaintiff on April 7, 1919, to the North American Hotel Company in behalf of subscribers to its stock represented by him, which is asserted to have a bearing on the question of the value of his services and the manner in which they were performed. We do not regard it as relevant to that issue. Other documents rejected were apparently offered to show that the plaintiff during the pendency of the action on the bond acted as attorney and agent for the North American Hotel Company in other matters. No issue of unfaithful conduct was presented by the pleadings, and the matters referred to do not appear to be so related to the bond action as to involve inconsistency of attitude.

Complaint is made of an instruction that if the plaintiff was employed by the defendant the giving of the indemnity bond would not change their relations, and of another that a recovery might under

some circumstances be had although no express authority was given to bring the action. We regard the first as correct and the second as at least nonprejudicial, inasmuch as the jury found specially that the defendant by its president employed the plaintiff to institute the action in question, and that the employment continued throughout the litigation. For the latter reason no material error was committed in refusing to instruct that no recovery could be had if the plaintiff simply asked and received permission to bring the action in the name of the defendant. A requested instruction that no recovery could be had if it was agreed that the suit was to be brought in the name of the defendant for the benefit of others was properly refused.

The trial court refused to submit the questions by whom the plaintiff was employed when he advised bringing the action on the bond, and whether the same employment continued through the litigation. We think they were sufficiently covered by the questions the answers to which have already been stated.

The questions whether the plaintiff performed services in obtaining a settlement with the North American Company, and if so what they were reasonably worth, having been fully tried out, and any payment rightfully made by the trustee to him being ultimately chargeable against the trust fund, the controversy over his right to look to the defendant personally is largely procedural. The defendant suggests, however, that the indemnity bond does not give him full protection, because in settling with the beneficiaries the reasonableness of the amount of the fee awarded may be challenged by them. Perhaps the fact that the beneficiaries were made parties to the present action would preclude this. It is further suggested that not all the persons named as defendants were served with summons, but the fact appears to be otherwise.

The judgment is affirmed.