GEORGE BEGGS V. TINA BROOKER FITE ET AL.

No. 6894. Decided June 16, 1937.
Rehearing overruled July 14, 1937.
(106 S. W., 2d Series, 1039.)

*H. A. Turner,* of Fort Worth, for plaintiff in error.

The powers conferred upon the trustees of a testator's will, embracing in addition to the special powers, the ordinary executorial power to administer and settle his estate, independent of the probate court, said trustees had the right in the exercise of such power to contract for the service of attorneys in the defense of the will and agree to pay said attorneys' fee from the estate of said testator. Such a contract is valid regardless of whether an estate in trust was created for the use and benefit of the legatees and their children; and if the trust for their benefit be invalid, the heirs at law would take the estate subject to the payment of the debts and cost of administration, including the attorneys' fees. Yeager v. Bradley, 246 S. W. 688 (writ refused) ; Roy v. Whitaker, 92 Texas 355, 49 S. W. 367; Williams v. Robinson, 56 Texas 347.

When the legal title to an estate is vested in trustees for the purpose of the trust, and they are given the right to manage and control it, contracts made by them are their personal obligations, and an action on such contracts must be brought against them individually; and a writ of garnishment must run against them individually to impound any indebtedness due by virtue of such contracts. Connally v. Lyons, 82 Texas 664, 18 S. W. 799; Callaghan v. Grenet's Est., 66 Texas 236, 1 S. W. 507; Duvall v. Craig, 2 Wheaton 45, 4 L. Ed. 180.

*Slay & Simon,* and *Thorp A. Andrews,* of Fort Worth, for defendants in error.

The trustees by virtue of the express contract against personal liability can not be held personally liable for attorney's fee in the defense of the will which they have been appointed

to execute. Pendleton v. Hare, 231 S. W. 334; Fenner v. Succession of McCan, 49 La. Ann. 600, 21 So. 768; Gammage v. Rather, 46 Texas 106; Andrus v. Pettus, 36 Texas 108.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a garnishment proceeding. In a way this suit is related to Cause No. 6879, J. N. Brooker et al. v. W. T. Brooker et al., decided by this Court on June 2, 1937, and reported in 130 Texas 27, 106 S. W. (2d) 247.

· It appears from the record that when the will of J. N. Brooker, deceased, was filed for probate in the county court of Tarrant County, Texas, a number of the heirs of J. N. Brooker, deceased, who were disinherited by the will, filed a contest to the application to probate. For the purposes of this opinion we will assume that Tina Brooker, now Tina Brooker Fite, Alice Brooker, John Brooker, A. M. Scott, A. G. Scott, Laura Morris, J. L. Scott, J. O. Scott, and Mrs. A. C. Weatherby personally entered into a written contract with the law firm of Slay & Simon, a partnership composed of W. H. Slay and U. M. Simon, to represent them as proponents to the probate of the J. N. Brooker will, and in regard to two deeds mentioned in the opinion in Cause No. 6879, supra. By the terms of this contract Tina Brooker et al. personally agreed to pay Slay & Simon certain fees not necessary to here detail, except to say that $625.00 of the fees provided by this contract were paid by the J. N. Brooker Estate before these proceedings were instituted.

After the happening of the above events W. T. Brooker et al. withdrew their contest to the probate of the J. N. Brooker, deceased, will, and same was duly probated without opposition. After such probate Tina Brooker, who had been appointed temporary administratrix of the J. N. Brooker Estate, made her final report, which was approved. Also, on September 16, 1932, the above named parties who had personally made the above mentioned contract of employment with Slay & Simon duly qualified as trustees and executors of the will of J. N. Brooker, deceased, by taking the required oath. The will exempted them from giving bond.

After the happening of the above events W. T. Brooker et al. filed suit in the probate court of Tarrant County, Texas, pursuant to Article 3433 et seq., R. C. S. 1925, to annul and suspend the J. N. Brooker will. When this suit was filed, and about September 21, 1932, Slay & Simon, on the one side, and Tina Brooker et al., who had signed the first contract of employment with such law firm, on the other side, entered into a new contract. This new contract was oral, and was made with Tina

Brooker et al. in their representative capacities as trustees and executors of the J. N. Brooker Estate. In this contract it was expressly understood and agreed that the old written contract was done away with. It was further agreed that Tina Brooker et al. were each and all contracting as trustees and executors, and were binding themselves only as such, and that they were not contracting personally at all, or binding themselves personally in any way. In other words, the legal effect of the terms of this later contract was to bind the estate of J. N. Brooker, deceased, and also to bind the makers on the part of such estate in their representative capacities as trustees and executors of such estate only.

By the further terms of this contract of September 21, 1932, between Slay & Simon, attorneys, on the one side, and the trustees and executors, as such, of the J. N. Brooker Estate and such estate, on the other side, it was agreed that Slay & Simon would represent the above estate in defending the J. N. Brooker will against the above mentioned annulment proceedings in all courts, trial and appellate. It was further agreed that Slay & Simon were to receive no further fee for the trial in the county court, but, if such proceeding should be appealed, such attorneys would receive a total fee of $7,750.00, to be paid as follows: $1,250.00 cash upon appeal to the district court, and a like amount credited on an indebtedness due by Slay & Simon to the J. N. Brooker Estate, and $2,625.00 in cash, and a like amount credited on such firm's indebtedness to the J. N. Brooker Estate upon the beginning of the trial in the district court. Only the $2,625.00 part of the fee is here involved.

On October 29, 1932, after the annulment proceedings were filed, Tina Brooker was again appointed temporary administratrix of the J. N. Brooker Estate. She immediately took charge of the properties and assets of such estate as such temporary administratrix, and was functioning in that capacity when the writs of garnishment here involved were served upon the garnishees named in such writs. By the order appointing her, Tina Brooker was clothed with authority to pay all demands against the J. N. Brooker Estate.

The annulment case was tried in the county court and judgment there rendered sustaining the Brooker will in its entirety. The case was appealed to the district court of Tarrant County, Texas, and while it was being tried in that court George Beggs, plaintiff in error here, filed suit in the 48th district court of Tarrant County, Texas, against W. H. Slay and U. M. Simon, individually, for debt upon certain promissory notes owned and held by him, not necessary to here describe. While the case of

Beggs v. Slay and Simon was pending in the above court Beggs filed the following application for writ of garnishment (omitting formal parts) :

"Now comes Geo. Beggs, the plaintiff in the cause of Geo. Beggs v. W. H. Slay and U. M. Simon, now pending in this court, the file number of which is No. 4532-A, and applies for a Writ of Garnishment to issue to Tina Brooker, Alice Brooker, John Brooker, J. L. Scott, J. O. Scott, Arthur Scott, Laura Morris, A. G. Scott and Mrs. A. C. Weatherby; and for cause says:

"That on the 4th day of April, A. D. 1933, plaintiff, Geo. Beggs, sued W. H. Slay and U. M. Simon, defendants in said Cause No. 4532-A, for debt due upon two certain promissory notes described in plaintiff's petition in said cause, to which reference is here made, the aggregate amount of the debt sued for being the sum of $2,594.09, principal, interest and attorney's fees due on said two notes on the date of the filing of said suit, together with interest thereon from said date, at the rate of 10% per annum, and for costs of suit; that such indebtedness is just, due and unpaid, and that none of the defendants has, within his knowledge, property in his possession, within this State, subject to execution, sufficient to satisfy such debt.

"Plaintiff says that he has reason to believe, and does believe, that the garnishees, Tina Brooker and Alice Brooker, who are resident citizens of Tarrant County, Texas, and John Brooker, J. L. Scott, J. O. Scott, Arthur Scott, Laura Morris, and A. G. Scott, all of whom are resident citizens of Robertson County, Texas, and Mrs. A. C. Weatherby, who is a resident citizen of Mills County, Texas, are indebted to the defendants, or that they have in their hands effects belonging to the defendants. .

"Plaintiff further says that the Writ of Garnishment applied for is not sued out to injure either the defendants or the garnishees.                                    "Geo. Beggs."

Proper garnishment bond was also filed, and on April 4, 1933, writ of garnishment was duly issued, directed to Tina Brooker and Alice Brooker, personally. No effort was made to garnishee them in their official capacities. This writ was in usual statutory form, and was served upon Tina Brooker and Alice Brooker, individually, on the day it was issued.

On April 5, 1933, writ of garnishment was issued, directed to Mrs. A. C. Weatherby, personally. No effort was made to serve Mrs. Weatherby in her official capacity. This writ was also in usual statutory form, and was served upon Mrs. Weatherby on the 15th day of April, 1933.

On April 5, 1933, writ of garnishment was duly issued, directed to J. L. Scott, J. O. Scott, Arthur Scott, Laura Morris, and A. G. Scott, personally. No effort was made to serve any of these garnishees in their official capacities. This writ was also in usual statutory form, and was served upon the parties just above named, individually, on the 13th day of April, 1933.

On April 8, 1933, Tina Brooker as temporary administratrix of the Estate of J. N. Brooker, deceased, issued and delivered to Slay & Simon a check for $2,625.00 in payment of the fee the J. N. Brooker Estate, through its trustees and executors, had agreed to pay such firm according to the contract of employment above described. This check was paid the day it was issued by the bank upon which it was drawn, and the amount thereof charged to the J. N. Brooker Estate account in such bank.

After the writs of garnishment were served upon them, and after the above check was issued and paid, all of the above named garnishees answered. We will not attempt to detail the entire contents of such answers. It is sufficient to say that they, in substance, stated that the garnishees were not at the date of service, or at the time of answer, indebted to W. H. Slay and U. M. Simon; that the garnishees did not at the date of service, or at the time of answers, have in their possession any effects of W. H. Slay and U. M. Simon; and that other than as will hereinafter be shown the garnishees did not know anyone who was indebted to W. H. Slay and U. M. Simon at the date of service of the writ, or who had any of their effects at that date, and did not know of anyone who at the times of answer was indebted to, or had any of the effects of W. H. Slay and U. M. Simon.

Such answers also disclosed that at the time the writs were served the Estate of J. N. Brooker, deceased, had employed, and was employing, W. H. Slay and U. M. Simon as its attorneys in defending a certain cause of action brought in the 67th district court of Tarrant County, Texas, seeking to annul the will of J. N. Brooker, deceased, and at the date of service a portion of the fee amounting to $2,625.00 was due by the Estate, although the fee itself had not been fully earned.

The answers of the garnishees also contained other matters not necessary to detail here.

George Beggs controverted the answers of the garnishees and alleged that at the times the writs of garnishment were served upon them the garnishees were indebted to W. H. Slay and U. M. Simon upon a contract by which such garnishees employed W. H. Slay and U. M. Simon to represent them as their attorneys in the probate of the will of J. N. Brooker, deceased,

and the contest thereof. Beggs also alleged that at the times the writs were served upon the garnishees there was due, or owing, to said W. H. Slay and U. M. Simon on said contract the sum of $2,625.00.

Slay & Simon intervened in the above garnishment proceedings, and Beggs filed answer to the plea in intervention. We will not attempt to detail these pleadings. It is enough to say that they are sufficient to raise the questions of law we shall later decide.

■ Before proceeding further we deem it advisable to here announce certain rules of law which we think are applicable to the decision of this case, as follows:

1. Garnishment is a statutory proceeding whereby the property, money, or credits of one person in the possession of, or owing by another are applied to the payment of the debt of a debtor by means of proper statutory process issued against the debtor and the garnishee. 20 Tex. Jur., p. 695, par. 2.

2. The remedy of garnishment is summary and harsh. It may impound the property, money, or credits of an alleged debtor even before a judgment is obtained against him in the main suit. Such proceedings were not known to the common law, but are purely statutory. Also, such proceedings bring into court strangers to the main suit, and subject them to much inconvenience and hazard. It follows that such proceedings can not be sustained unless they are in strict conformity with statutory requirements. 20 Tex. Jur., p. 703, par. 7, and annotations thereunder.

3. A plaintiff in garnishment is, by virtue of the statute, subrogated to the rights of his debtor against the garnishee. In other words, by strict compliance with our garnishment statutes a plaintiff in garnishment merely steps into the shoes of his debtor as against the garnishee, and may enforce, as against such garnishee, whatever rights the debtor could have enforced had such debtor been suing the garnishee directly.

■ 4. It is a general rule of law that where a trustee contracts as such he not only binds the trust estate and himself as trustee, but he binds himself personally as well. 42 Tex. Jur., p. 724, par. 109, and authorities there cited; 65 C. J., p. 1104, par. 1059. In spite of this, it is equally the rule that trustees may protect themselves against personal liability on a contract by expressly contracting against it. 42 Tex. Jur., supra; 65 C. J., supra. Also, it is the law that the above rules apply to executors and administrators. McGloin v. Vanderlip & Jones, 27 Texas 366; Connally v. Lyons, 82 Texas 664, 18 S. W. 799. As touching the

above holdings we also cite the following authorities: Taylor v. Davis, 110 U. S. 330, 4 Sup. Ct. 147, 23 L. Ed. 163; Fisheries Co. v. McCoy, (Civ. App.) 202 S. W. 343; Austin v. Prudential Trust Co., 112 Kan. 545, 212 Pac. 77; Boyle v. Rider, 136 Md. 286, 110 Atl. 524; Knipp v. Bagby, 126 Md. 461, 95 Atl. 60, L. R. A. 1915F, 1072; Feldman v. Preston, 194 Mich. 352, 160 N. W. 655; Carr v. Leahy, 217 Mass. 438, 105 N. E. 445; Mitchell v. Whitlock, 121 N. C. 166, 28 S. E. 292; McIntyre v. Williams, 72 Vt. 183, 47 Atl. 786, 82 Am. St. Rep. 929.

■ 5. The summons or writ in a garnishment proceeding should be directed to the garnishee in the capacity in which it is expected to charge him. In this connection, it is the rule that judgment can be rendered only against the party named in the summons. Service of a writ of garnishment individually will not bind an executor, administrator, or testamentary trustee, officially. Rood on Garnishment, par. 260.

■ Now bearing in mind the foregoing rules, we find from this record, and from the express findings of the trial court, amply supported by the record, that the above named garnishees expressly contracted with W. H. Slay and U. M. Simon as executors and trustees only. We also find from the record, and the express findings of the trial court, that such executors and trustees expressly, in such contract, protected themselves against any personal liability, and, in legal effect, by the terms of such contract bound the J. N. Brooker Estate only. We further find from the record before us that every step in this garnishment proceeding, from the affidavit in garnishment to the writ and its service and return, was directed against the garnishees individually, and no remote effort was made to garnishee them in their official capacities as executors and trustees. It must follow, as a matter of law, that the writs of garnishment served upon these garnishees personally did not operate to impound the money owed by the trustees, as such, of the J. N. Brooker Estate to Slay & Simon.

As appears from the opinion in Cause No. 6879, supra, this Court has held that part of the J. N. Brooker will which attempts to create a trust estate, and attempts to constitute trustees to manage and control it, void as in contravention of our constitutional rule against perpetuities; but such ruling can not aid or comfort Beggs in the present proceeding. This is evident because this proceeding only serves to place him in the shoes of Slay & Simon against the garnishees above named individually. We have demonstrated that no individual liability existed. We express no opinion in regard to the right of these garnishees

to contract officially with Slay & Simon at the time and under the circumstances such contract was made. We simply hold that if such contract created any liability at all on the part of the garnishees here involved it was not a personal liability, and they were not thereby so bound.

For the reasons stated in this opinion the judgments of the Court of Civil Appeals and of the district court are both affirmed.

Opinion delivered June 16, 1937.

Rehearing overruled July 14, 1938.