Victor **SCHMERBECK**, Appellant,

v.

**RIVER OAKS BANK**, Appellee.

No. 9677.

Court of Appeals of Texas, Texarkana.

March 13, 1990.

Robert A. Schlanger, Houston, for appellant.

Thomas E. Ross, Saccomanno & Clegg, Houston, for appellee.

CORNELIUS, Chief Justice.

River Oaks Bank sued Victor Schmerbeck to recover on a promissory note. Schmerbeck failed to answer the suit within the required time, and a default judgment was rendered against him for a total of $39,713.87 principal and interest, together with $11,961.62 attorney's fees. On June 24, 1988, the court issued a "turnover order" pursuant to Tex.Civ.Prac. & Rem. Code Ann. § 31.002 (Vernon 1986 & Supp. 1990), which ordered Schmerbeck to deliver his paycheck "upon receipt each payday" to a named receiver who would disburse the proceeds as follows: $500.00 per month for the first two months and $675.00 per month thereafter to the bank; $250.00 per month for the first two months and $75.00 per month thereafter to the receiver, with the remainder going to Schmerbeck for living expenses.

Schmerbeck contends on appeal that the turnover order is improper and invalid because it affects current wages which are exempt from garnishment and execution by virtue of Tex.Const. art. XVI, § 28,[1] Tex.

---

1. Tex.Const. art. XVI, § 28 provides:
   No current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered child support payments.

Civ.Prac. & Rem. Code Ann. § 63.004 (Vernon 1986),[2] and Tex.Prop.Code Ann. § 42.002(8) (Vernon 1984).[3]

Because the turnover order is directed to Schmerbeck rather than to a third party, it is not a "garnishment" within the meaning of Article XVI, Section 28 of the Constitution or Section 63.004 of the Civil Practices and Remedies Code. *Raborn v. Davis*, 33 Tex.Sup.Ct.J. 249 (Tex. Feb. 21, 1990).

The order does not violate Tex.Prop.Code Ann. § 42.002(8). A paycheck in the hands of the judgment debtor does not constitute current wages, and an order directing a judgment debtor to turn over his future paychecks, as and when received, is not prohibited by either the Constitution or the statutes. *Raborn v. Davis*, supra.

The judgment of the trial court is affirmed.

GRANT, Justice, concurring.

This Court is bound by *stare decisis* to follow the Texas Supreme Court's ruling in *Raborn v. Davis*, 33 Tex.Sup.Ct.J. 249 (Tex. Feb 21, 1990). I am not compelled by *stare decisis*, however, to agree with that opinion.

It is true that the term *garnishment* generally refers to a remedial statutory means by which a judgment creditor may enforce the collection of the money judgment from the nonexempt property of a judgment debtor in the hands of a third party.[1] *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039 (1937). Nevertheless, as Chief Justice Marshall stated in *M'Culloch v. State of Maryland*, 17 U.S. (4 Wheat.) 579, 605 (1819), there is both the letter and the spirit of the Constitution, and as Justice Douglas said in *Markham v. Cabell*, 326

U.S. 404, 409, 66 S.Ct. 193, 195, 90 L.Ed. 165, 168 (1945), "The policy as well as the letter of the law is a guide to decision." To hold that the turnover statute requires a worker to turn over his or her salary as soon as the worker has received it defies the spirit and policy of Article XVI, § 28, of the Texas Constitution.

The prohibition against garnishment of current wages first appeared in the 1876 Constitution and has remained unchanged since that time, except for the amendment allowing garnishment of wages for child support.[2] The statute exempting current wages for personal services, now Section 42.002 of the Texas Property Code, can be traced back to 1858.

The exemption law should be liberally construed to allow a worker a means of obtaining a livelihood and thus prevent him and his family from becoming a charge on the public. *J.M. Radford Grocery Co. v. McKean*, 41 S.W.2d 639 (Tex.Civ.App.–Fort Worth 1931, no writ). The exemption of current wages belonging to the family was provided to enable the wage earner to purchase the necessities of life for his dependents and for himself.

In *Raborn*, the Supreme Court held that garnishment involves a third person. The Court therefore concluded that the turnover order, which did not involve a third person, did not violate the Constitutional provision. Section 42.002(8) of the Texas Property Code lists as exempt "current wages for personal services" and does not use the word garnishment.

Although the Supreme Court did not specifically refer to these statutes in *Raborn*, the Court's definition of current wages destroys the purpose of the exemption law. In *Raborn* the Supreme Court stated, "[A]

**2.** Tex.Civ.Prac. & Rem.Code Ann. § 63.004 (Vernon 1986) provides:
 Current wages for personal service are not subject to garnishment. The garnishee shall be discharged from the garnishment as to any debt to the defendant for current wages.

**3.** Tex.Prop.Code Ann. § 42.002(8) (Vernon 1984) provides:
 The following personal property is eligible for the exemption:
 ....

(8) current wages for personal services.

**1.** This Court pointed that out in *Goad v. Goad*, 768 S.W.2d 356, 358 (Tex.App.–Texarkana 1989, writ denied).

**2.** All fifty states and the District of Columbia have statutes concerning garnishment of wages. 2 G. Braden, *The Constitution of the State of Texas: An Annotated and Comparative Analysis*, at 760 (1977).

paycheck in the hands of the judgment debtor is no longer current wages." The Court could have allowed the legislation to serve the purpose for which it was enacted by defining *current* to mean "the most recent." *See Webster's Ninth New Collegiate Dictionary* 316 (1985). This would have classified the salary payment as current wages until the worker's next payday and thus would have protected the funds and the basic needs of debtors and their families.

In *Roco v. Green,* 50 Tex. 483, 488 (1878), the Supreme Court said, "[T]he State has thought to encourage that [family] relation by protecting it from absolute want, arising from the vicissitudes of life." The vicissitudes of life have not vanished and are as real as they were in 1878.

I concur in this opinion because of the Supreme Court decision in *Raborn,* but for the reasons stated, I disagree with the Supreme Court's decision in *Raborn.*