NUMBER 13-10-00274-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 

 



IN RE: TASTY MOMENTS, LLC, LAAMCO PROPERTIES, INC.,

FALL RIVER INVESTMENTS, LLC, O/B/O SMART PAY SALES,
INC.

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and
Wittig[1]

Memorandum Opinion by Justice Benavides[2]

 

By petition for writ of mandamus,
relators, Tasty Moments, LLC, LAAMCO Properties, Ltd., and Fall River
Investments, LLC, on behalf of Smart Pay Sales, Inc., seek to compel the trial
court to vacate its order dissolving a writ of garnishment.  We deny the
petition for writ of mandamus.

I.  Background

Relators and the real party in
interest herein, Steven C. Lopez, owned a corporation related to automobile
financing.  Relators brought suit against Lopez in cause number 08CV4320,
Division 7 – Munch, in the Combined Court of Jefferson County, Colorado
alleging that Lopez fraudulently used funds for his own personal benefit that
were held in trust by the corporation for the benefit of its third-party
customers.  On April 29, 2009, the Colorado district court entered judgment
against Lopez and in favor of relators in the amount of $383,604.03.  On May
15, 2009, relators filed the Colorado judgment in cause number 09-2320-A in the
28th District Court of Nueces County, Texas pursuant to the Uniform Enforcement
of Foreign Judgments Act.  See Tex.
Civ. Prac. & Rem. Code Ann. §§ 35.001-35.008 (Vernon 2008).  

In a separate matter, on March 14,
2006, Lopez sued Countrywide Home Loans, Inc. in cause number 2:06-116 in the United
States District Court for the Southern District of Texas, Corpus Christi
Division, for various causes of action relating to the alleged wrongful
foreclosure of Lopez’s residence in Corpus Christi, Texas.  Lopez’s home had
been sold in October 2005 at a foreclosure sale.  Lopez’s claims in this
lawsuit included causes of action for usury, fraud, negligence, eviction, and
consumer protection claims, for which Lopez sought compensatory and punitive
damages.  In October 2009, Lopez and Countrywide agreed to settle this
lawsuit.  

Relators began garnishment
proceedings in the 28th District Court to attempt to obtain the
funds which Countrywide had agreed to pay to Lopez as a result of the
settlement of Lopez’s claims against Countrywide.  The procedural history of
the filings in this court is convoluted.  As stated previously, the Colorado
judgment was originally assigned as cause number 09-2320-A in the 28th District
Court.  Relators’ initial application for writ of garnishment, filed on July
23, 2009, was assigned as cause number 09-3478-A in the 28th District Court. 
The initial post-judgment writ of garnishment issued on August 5, 2009 in that
same cause.  However, when Countrywide filed its original answer to the writ on
September 22, 2009, it filed its answer under cause number 09-2320-A.  By
Countrywide’s original answer, it averred that it was not indebted to Lopez at
the time it was served with the writ of garnishment.  

Relators thereafter filed a “First
Amended Application for Writ of Garnishment” on September 28, 2009, in cause
number 09-2320-A.  The writ of garnishment, issued on this date, recites that
it is based on a judgment rendered in cause number 09-3478-A.  Countrywide
filed its “Amended Answer” to the amended application in cause number
09-2320-A.  In this answer, Countrywide asserted that on or about October 2,
2009, Countrywide became indebted to Lopez in an amount that was confidential,
and that on or about October 22, 2009, Countrywide would deposit the proceeds
into the registry of the United States District Court, “pending the court’s
resolution regarding the rights of Steven C. Lopez, his attorneys, and/or their
judgment creditors to those proceeds.”  

On November 17, 2009, relators
intervened in the lawsuit pending in federal court between Lopez and
Countrywide and requested that the court order any settlement funds to be
deposited in state court.  Instead, Countrywide deposited the funds in the
registry of the federal court.  The deposit took the form of two checks:  a
check for fees and costs due to Lopez’s attorneys, and a check representing
Lopez’s compensatory damages.  Without opposition from Countrywide, the federal
court directed its clerk to release the attorney’s fees and costs to Lopez’s
attorneys.  Relators still sought to garnish the remaining $223,750 in settlement
funds.  By order issued on March 31, 2010, the federal court transferred the
funds to the registry of the 28th District Court:

Whether
settlement funds representing compensatory damages in a wrongful foreclosure
action constitute “proceeds of a sale of a homestead” is a novel question of
Texas law.  Moreover, even if Texas courts would consider such funds to be
“proceeds of a sale of a homestead,” the foreclosure sale occurred on October
4, 2005—more than four years ago.  Whether the statute should be tolled to
protect the funds from [relators’] reach until six months after they are in
Lopez’[s] possession is also a novel question of Texas law.  Thus, while the
presently pending garnishment action does not strip the Court of its
jurisdiction to decide this matter, the Texas State Court is in a better
position to adjudicate matters involving the Texas Constitution and to resolve
these novel issues regarding Texas’ homestead exemption.

 

            In state court, Lopez responded to the
applications for garnishment and filed a “Motion to Dissolve or Modify Writ of
Garnishment,” a “Motion to Dissolve Writ of Garnishment,” a “Defendant’s Brief
in Support of Motion to Dissolve Writ of Garnishment,” a “Defendant’s
[Supplemental] Brief in Support of Motion to Dissolve Writ of Garnishment,” and
a “Defendant’s Motion to Withdraw Funds.”  Each of these documents was filed in
cause number 09-2320-A.  Relators, in turn, filed “Plaintiff’s/Garnishor’s
Objections and Response to Defendant/Debtor Steven Lopez’s Motion to Dissolve
or Modify [Writ] of Garnishment and for New Trial,” and “Garnishors’
Supplemental Brief in Response to Debtor’s Motion to Dissolve Writ of
Garnishment,” in cause numbers 09-2320-A and 09-3475-A.[3]


            On May 4, 2010, the trial court granted Lopez’s
motion to dissolve the garnishment.  The trial court did not issue findings of
fact and conclusions of law in connection with its ruling.  Following the
rendition of this order, Lopez filed a motion to withdraw the funds in the
registry of the court.  

On May 10, 2010, relators filed
this original proceeding and an emergency motion for stay.  By order issued on
May 10, 2010, this Court granted the motion for stay and
ordered all proceedings in the trial court stayed pending further order
of this Court, or until the case is finally decided.  See Tex. R. App. P. 52.10(b) (“Unless
vacated or modified, an order granting temporary relief is effective until the
case is finally decided.”).  The Court further requested that the real parties in interest, Countrywide Home Loans, Inc.,
and/or Steven C. Lopez, by and through counsel, file a response to the petition
for writ of mandamus.  Lopez filed a response on May 19, 2010.  Since that
time, relators filed a supplement to the petition for writ of mandamus and a
reply to Lopez’s response.  Lopez filed a supplemental response and an
appendix, and relators filed a reply to Lopez’s supplemental response and an
additional appendix.  This matter was submitted to the Court by oral argument
on September 27, 2010.  

Relators contend, by one issue,
that the trial court erred in dissolving the writ of garnishment.  In
sub-issues, relators contend that garnishment can issue for a judgment based in
tort; settlement funds are not subject to homestead protection; and relators
did not garnish an entity of the United States of America.  

II. 
Availability of Review by Mandamus

            Mandamus is an “extraordinary” remedy.  In re
Sw. Bell Tel. Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig.
proceeding); see In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex.
2008) (orig. proceeding).  In order to obtain mandamus relief, the relator must
show that the trial court clearly abused its discretion and that the relator
has no adequate remedy by appeal.  In re McAllen Med. Ctr., Inc., 275
S.W.3d 458, 462 (Tex. 2008) (orig. proceeding); In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).  A trial court
abuses its discretion if it reaches a decision so arbitrary and unreasonable as
to constitute a clear and prejudicial error of law, or if it clearly fails to
correctly analyze or apply the law.  In re Cerberus Capital Mgmt., L.P.,
164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  When it comes
to deciding what law applies—even if that law is unsettled—or in applying that
law to the facts of the case, the trial court has no discretion.  In re
Prudential Inc. Co. of Am., 148 S.W.3d at 135.  

            Historically, mandamus was treated as an
extraordinary writ that would issue “only in situations involving manifest and
urgent necessity and not for grievances that may be addressed by other
remedies.”  Walker, 827 S.W.2d at 840.  Now, whether a clear abuse of
discretion can be adequately remedied by appeal depends on a careful analysis
of the costs and benefits of interlocutory review.  In re McAllen Med. Ctr.,
Inc., 275 S.W.3d at 462.  Sometimes, “[a]n appellate remedy is ‘adequate’
when any benefits to mandamus review are outweighed by the detriments.”  In
re Prudential Ins. Co. of Am., 148 S.W.3d at 136.  According to the Texas
Supreme Court: 

Mandamus review of
significant rulings in exceptional cases may be essential to preserve important
substantive and procedural rights from impairment or loss, allow the appellate
courts to give needed and helpful direction to the law that would otherwise prove
elusive in appeals from final judgments, and spare private parties and the
public the time and money utterly wasted enduring eventual reversal of
improperly conducted proceedings. 

 

Id. at 136.  The word “adequate” is really a proxy
for the careful balancing test appellate courts apply in determining whether
the benefits outweigh the detriments.  Id.  This test considers “both
public and private interests.”  Id.  In general, we avoid mandamus
review of “incidental, interlocutory rulings” because such review is often
unproductive, expensive, and distracts courts from important issues in the
disposition of the case and the uniform development of the law.  Id.  We
remain mindful that our contemplation of whether there is an adequate remedy on
appeal “is not an abstract or formulaic one; it is practical and prudential.”  Id.

            As a general rule, writs and orders issued to
aid judgment creditors in collecting their judgments are not appealable.  See
Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas, 810 S.W.2d 738,
740 (Tex. 1991) (orig. proceeding), abrogated on other grounds, In re
Sheshtawy, 154 S.W.3d 114, 124 (Tex. 2004) (orig. proceeding). However, an
appeal will lie from a final judgment in a garnishment action independently of
the underlying lawsuit because it is a separate proceeding.  In re Tex. Am.
Express, Inc., 190 S.W.3d 720, 727 (Tex. App.–Dallas 2005, orig.
proceeding).  However, the order at issue does not dispose of all issues before
the trial court, given, for instance, that there is no order of disbursement of
the funds in the registry of the court, and is not a final judgment. 
Accordingly, it is subject to review by mandamus.

            Lopez contends that relators have an adequate
remedy at law because when relators learned that Countrywide “had transferred
any indebtedness it had for the benefit of Lopez to a third party (the federal
court’s registry), they should have exercised the remedies at law available to
it under Rule 670 of the Texas Rules of Civil Procedure, a Motion for Contempt
of Court against Countrywide, which [they] did not.”  We disagree that a motion
for contempt against Countrywide is an adequate appellate remedy.  Whether
relators have a potential cause of action against Countrywide is not relevant
to whether they have an adequate remedy at law to collect the funds owed under
the Colorado judgment.  Moreover, we note that it is entirely unclear what
action allegedly constitutes contempt or what court order Lopez is alleging
that Countrywide violated.[4] 
We note that depositing funds into the registry of the court is a standard
practice when the ownership of funds is in dispute.  Moreover, relators
contend:

In this case, if the
trial court issued an Order allowing the disbursement of funds to Lopez, which
could be accomplished through Lopez’s Motion to Withdraw Funds or in a Final
Judgment, it would necessarily include an award to Lopez of the funds currently
in the trial court’s Registry.  Thus, the money currently in the Court’s
Registry would be in Lopez’s possession and control at that time and Relators
would have no ability to regain the money regardless of the outcome of the
appeal.  As such, the outcome of any appeal would be illusory and without
effect.  

 

(Internal citations omitted).  We agree that an appeal from
a final judgment in this matter would not be an adequate appellate remedy.  

            Real party further contends that:

In addition, the
primary issue to be determined by the Respondent was a question of first
impression, as stated in the Order signed by United States District Judge John
D. Rainey.  Since this is a “novel question of Texas law” and Respondent
essentially based her decision on supporting evidence and case law as submitted
by the parties, there can be no arbitrary or unreasonable ruling and there is
no “clear duty” . . . .  Where the law is not settled, a trial judgment cannot
act in violation of a clear duty to act.  Nor can a trial judge’s action
constitute an abuse of discretion.  

 

We again disagree.  As stated by the Texas Supreme Court, we
employ mandamus review of important or novel situations in exceptional cases
because such review may preserve a party's substantial rights from impairment,
allow the appellate court to give “needed and helpful direction to the law that
would otherwise prove elusive in appeals from finals judgments,” and reduce the
waste of time and money resulting from the eventual reversal of improperly
conducted proceedings.  In re Prudential Ins. Co. of Am., 148 S.W.3d at
136. 

            Having determined that this matter is appropriately
before the Court by petition for writ of mandamus, we now turn our attention to
the merits of this proceeding.  

III. 
Garnishment

            “A writ of garnishment impounds the alleged
money, property, or credits of the debtor.”  Mendoza v. Luke Fruia Invs.,
Inc., 962 S.W.2d 650, 651 (Tex. App.–Corpus Christi 1998, no pet.); see
Lease Fin. Group, LLC v. Childers, 310 S.W.3d 120, 125 (Tex. App.–Fort
Worth 2010, no pet.).  Because garnishment is a “purely statutory” procedure
that affords a “harsh remedy,” “garnishment proceedings cannot be sustained
unless they strictly conform to the statutory requirements and related rules.”  Walnut
Equip. Leasing Co. v. J-V Dirt & Loam, a Div. of J-V Marble Mfg., Inc.,
907 S.W.2d 912, 915 (Tex. App.–Austin 1995, writ denied); see Beggs
v. Fite, 130 Tex. 46, 52, 106 S.W.2d 1039, 1042 (1937) (stating that garnishment
proceedings “cannot be sustained unless they are in strict conformity with
statutory requirements”).  The creditor's failure to strictly comply with the
pertinent rules is “fatal” to a judgment in the garnishment action.  Lease
Fin. Group, LLC, 310 S.W.3d at 127; Zeecon Wireless Internet, LLC v. Am.
Bank of Texas, N.A., 305 S.W.3d 813, 819 (Tex. App.–Austin 2010, no pet.); Hering
v. Norbanco Austin I, Ltd., 735 S.W.2d 638, 641 (Tex. App.–Austin 1987,
writ denied).

            Garnishment proceedings are governed by chapter
63 of the Texas Civil Practice and Remedies Code and rules 657 through 679 of
the Texas Rules of Civil Procedure.  See Tex.
R. Civ. P. 657-79; Tex. Civ. Prac.
& Rem. Code Ann. §§ 63.001-.008 (Vernon 2008).  In this regard, we
note that the Texas Rules of Civil Procedure have the same force and effect as
statutes.  In re City of Georgetown, 53 S.W.3d 328, 332 (Tex. 2001)
(orig. proceeding); Zeecon Wireless Internet, LLC., 305 S.W.3d at 817. 
Texas Rule of Civil Procedure 663a requires that the judgment debtor be served
with specified garnishment documents in a precise way: 

The defendant shall
be served in any manner prescribed for service of citation or as provided in
Rule 21a with a copy of the writ of garnishment, the application, accompanying
affidavits and orders of the court as soon as practicable following the service
of the writ.  There shall be prominently displayed on the face of the copy of
the writ served on the defendant, in ten-point type and in a manner calculated
to advise a reasonably attentive person of its contents, the following: 

 

To _________,
Defendant:

 

You are hereby
notified that certain properties alleged to be owned by you have been
garnished.  If you claim any rights in such property, you are advised: 

 

YOU HAVE A RIGHT TO
REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND.  YOU HAVE A RIGHT
TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO
DISSOLVE THIS WRIT.

 

Tex. R. Civ. P.
663a (internal quotation marks omitted).

IV.  Analysis

            This original proceeding presents substantive
issues pertaining to the protection of homestead rights in Texas. 
Specifically, we are asked to determine whether the settlement proceeds for a
claim for wrongful foreclosure constitute “proceeds of a sale of a homestead”
under the Texas Property Code, and are thus exempt from seizure from relators’
claims for a period of six months.  See Tex.
Prop. Code Ann. § 41.001(a),(c) (Vernon Supp. 2010).  If we answer this
question affirmatively, then we are further asked to ascertain whether the six
month period of exemption began upon the foreclosure of Lopez’s home, or, as
asserted by Lopez, will not begin to run until the date that Lopez actually
receives the settlement funds.  See id.  However, our analysis of this matter
must proceed on much more fundamental terms.  

            By supplemental response to the petition for
writ of mandamus, Lopez contends that relators failed to serve him with the
required garnishment documents.  In contrast, by way of reply to Lopez’s
supplemental response, relators contend that they served the documents in
conformity with statutory requirements:

Texas Rule of Civil
Procedure 663a provides that the Defendant shall be served with the Writ in any
[manner] prescribed by Texas [Rule] of Civil Procedure 21a.  Relators served
Lopez with both Writs of Garnishment via Certified Mail Return Receipt
Requested at his last known address . . . . These documents were returned as
unclaimed, but this does not support any argument that they were not served in
accordance with the Texas Rules of Civil Procedure.

 

By supplemental appendix, relators have provided us with the
return of service documents for the writ at issue, which show that the
application and related documents were sent to Lopez by regular and certified
mail; however, the documents were not delivered to Lopez, and the documents
were returned to relators variably designated as “unclaimed,” “unable to
forward,” “return to sender,” and “moved left no address.”  Thus, although
relators attempted to serve Lopez in accordance with the rule, the record shows
failure of service.  

            “Rule 663a is unambiguous in its requirement
that the debtor be given notice of the garnishment and of his rights to regain
his property.”  Hering, 735 S.W.2d at 641; see Lease Fin. Group, LLC,
310 S.W.3d at 125; Zeecon Wireless Internet, LLC, 305 S.W.3d at 817.  The
purpose of the service requirement is to advise the debtor that the writ has
issued and to inform him of his rights to contest the garnishment.  Zeecon
Wireless Internet, LLC, 305 S.W.3d at 817-18.  “The garnishor must strictly
comply with the requirement that it serve the debtor, and its failure to comply
is not a mere irregularity.”  Walnut Equip. Leasing Co., 907 S.W.2d at
915; see Lease Fin. Group, LLC, 310 S.W.3d at 125; Simulis, L.L.C. v.
G.E. Capital Corp., 276 S.W.3d 109, 112 (Tex. App.–Houston [1st Dist.] 2008,
no pet.).  Stated otherwise, “[t]he requirement of service on the debtor is not
a mere technicality but is an integral part of the statutory requirements in a
garnishment proceeding.”  Zeecon Wireless Internet, LLC, 305 S.W.3d at
818.  In this regard, we note that Texas law requiring service on the debtor
makes no distinction between prejudgment and postjudgment garnishment
proceedings.  Zeecon Wireless Internet, LLC, 305 S.W.3d at 817; Hering,
735 S.W.2d at 641.

            Given the foregoing requirements, a trial court
errs in granting a writ of garnishment when there is no proof of service in
strict compliance with the rules even if the defendant has actual knowledge of
the garnishment action or makes a voluntary appearance therein.  See Lease
Fin. Group, LLC, 310 S.W.3d at 125; Zeecon Wireless Internet, LLC,
305 S.W.3d at 817-18; Abdullah v. State, 211 S.W.3d 938, 942-43 (Tex.
App.–Texarkana 2007, no pet.); Mendoza, 962 S.W.2d at 651-52; Walnut
Equip. Leasing Co., 907 S.W.2d at 914; Hering, 735 S.W.2d at 642; see
also Williamson v. State, No. 07-09-0248-CV, 2010 Tex. App. LEXIS 9151, at
**2-3 (Tex. App.–Amarillo Nov. 17, 2010, no pet.) (mem. op.); Requena v. Salomon
Smith Barney, Inc., No. 01-00-00783-CV, 2002 Tex. App. LEXIS 1701, at **9-10
(Tex. App.–Houston [1st Dist.] March 7, 2002, no pet.) (not designated for
publication under the former appellate rules).  Contra Del-Phi Eng’g Assocs.,
Inc. v. Tex. Commerce Bank-Conroe, N.A., 771 S.W.2d 589 (Tex. App.–Beaumont
1989, no writ) (holding that service of notice was waived where a hearing on
the motion to vacate was held by agreement).  As previously stated by this
Court:

Rights under a writ
of garnishment are determined by priority in time, which itself is determined
by service of the writ.  Without proper service of the writ on the debtor, no
control or custody of his property can be gained by his answer.  While [one of
the appellants] filed an answer to the writ of garnishment and all appellants
appeared at the hearing on the motions for new trial, it is undisputed [the
garnishor] did not comply with the rule 663a notice provision.  Because [the
garnishor] failed to give appellants notice of the writ of garnishment as
required by the rules, we hold the trial court erred in granting the writ.

 

Mendoza, 962 S.W.2d at 652 (internal citations
omitted).  

            Here, the requirement of service was not met,
and relators therefore did not establish the right to have a garnishment
judgment rendered against the settlement funds owed by Countrywide to Lopez.  See
Beggs, 106 S.W.2d at 1042; Zeecon Wireless Internet, LLC, 305 S.W.3d
at 818; Mendoza, 962 S.W.2d at 652; Walnut Equip. Leasing Co.,
907 S.W.2d at 915; Hering, 735 S.W.2d at 641.  

V.  Conclusion

            In the instant case, relators’ failure to strictly
comply with the pertinent rules pertaining to the service of the writ of
garnishment on Lopez is fatal to a judgment in the garnishment action.  Lease
Fin. Group, LLC, 310 S.W.3d at 127.  Consequently, the trial court did not
abuse its discretion in ordering the writ of garnishment dissolved.  See Gen.
Elec. Capital Corp. v. ICO, Inc., 230 S.W.3d 702, 705 (Tex. App.–Houston
[14th Dist.] 2007, pet. denied).  Accordingly, we lift the stay previously
imposed by this Court and deny the petition for writ of mandamus.

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

Delivered and filed the

31st day of March, 2011. 

 









[1]
Retired Fourteenth Court of Appeals
Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to the government code.  See Tex. Gov't Code Ann. § 74.003
(Vernon 2005.)

 





[2]
See Tex. R. App. P.
52.8(d) (“When denying relief, the court may hand down an opinion but is not
required to do so.”); Tex. R. App. P.
47.4 (distinguishing opinions and memorandum opinions).  

 





[3]
In these pleadings, relators refer to these two causes as “interrelated causes
of action regarding the domestication and enforcement of the same judgment.”  





[4]
We note, for instance, that a garnishee subject to conflicting claims may
file an interpleader, in which case the funds subject to conflicting claims are
tendered into the registry of the court.  See, e.g., Northshore Bank v.
Commercial Credit Corp., 668 S.W.2d 787, 789 (Tex. App.–Houston [14th
Dist.] 1984, writ ref’d n.r.e.).