## ST. LOUIS, B. & M. RY. CO. OF TEXAS v. DALLAS COOPERAGE & WOODENWARE CO. (No. 9212.)

(Court of Civil Appeals of Texas. Dallas. Jan. 17, 1925.)

**1. Judgment ⬡502—Judgment not void on collateral attack in case of misnomer of corporation defendant.**

The misnomer of a corporation defendant which could not mislead merely entitles defendant to abate proceedings until misnomer can be corrected, and, if defendant permits default judgment to be taken without making any move to abate the proceedings, such judgment is not void on collateral attack.

**2. Appeal and error ⬡138—Misnamed corporation defendant held entitled to review of judgment on writ of error.**

Corporation which plaintiff intended to sue as garnishee, and which knew that it was the party against whom suit was brought, *held* entitled, though misnamed, to review of judgment against it by writ of error.

**3. Garnishment ⬡87—Affidavit held insufficient.**

Application for writ of garnishment not in the form of an affidavit followed by affidavit merely that affiant was officer of plaintiff, and was authorized to make affidavit for plaintiff, and signed by one describing himself as "affiant," *held* insufficient under Rev. St. art. 273, requiring affidavit as to facts authorizing issuance of writ.

**4. Affidavits ⬡17—Test as to sufficiency is whether charge of perjury could be based thereon.**

Test as to sufficiency of affidavit is whether charge of perjury could be based thereon.

**5. Garnishment ⬡1—Statutory requirements must be complied with to give court jurisdiction.**

Garnishment rests wholly upon judicial process, and depends upon the due pursuit of steps prescribed by law for prosecution, and, if such processes are not followed, the court acquires no jurisdiction.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Suit by the Dallas Cooperage & Woodenware Company in which the St. Louis, Brownsville & Mexico Railway Company of Texas was garnisheed. To review judgment for plaintiff against garnishee, the St. Louis, Brownsville & Mexico Railway Company of Texas brings error. Reversed and rendered.

Andrews, Streetman, Logue & Mobley, of Houston, and Smith, Robertson & Robertson, of Dallas, for appellant.

Currie McCutcheon, of Dallas, for appellee.

JONES, C. J. This writ of error is prosecuted by the St. Louis, Brownsville & Mexico Railway Company under the following state of facts:

Defendant in error, the Dallas Cooperage & Woodenware Company, denominated a trust estate with a number of individuals as trustees, and Dan A. Kivlen as one of these trustees, and also as manager and president, filed suit against a number of defendants in a district court in Dallas county, Tex., for the amount due on a promissory note in the principal sum of $2,197.97, together with interest at 8 per cent. per annum, and an additional amount of 10 per cent. for attorney fees. This suit was filed on the 9th day of March, 1923. On the same day the plaintiff in said suit also made application for writ of garnishment against the St. Louis, Brownsville & Mexico Railway Company of Texas, a corporation. A bond was duly executed on the same day, and the writ of garnishment directed against said corporation was issued and made returnable May 7, 1923. On May 19, 1923, judgment was rendered in the original suit in favor of defendant in error in the sum of $2,543.29; same being the principal, interest, and attorney fees on the note forming the basis of the suit.

On July 31, 1923, a judgment by default was rendered in favor of defendant in error in the garnishment suit against St. Louis, Brownsville & Mexico Railway Company of Texas, a corporation, as garnishee, for the sum of the said judgment with interest from that date at 6 per cent. per annum and all costs, both in the garnishment suit and the original suit.

On September 19, 1923, an execution was issued on the judgment in the garnishment suit and placed in the hands of the sheriff of Dallas county, commanding the sheriff to make said judgment out of the St. Louis, Brownsville & Mexico Railway Company, a corporation. On September 20, 1923, the St. Louis, Brownsville & Mexico Railway Company, a corporation, filed its petition for writ of error, in which it is alleged that, although the garnishee in said cause is not of the same name as the petitioner, this petitioner is informed and believes that the plaintiff in said cause, in favor of whom said judgment was rendered, intends to treat the same as a judgment against this petitioner, and to cause execution thereon to issue and be levied upon the property of this petitioner, if the same is not paid.

This petition did not allege that there is such a corporation as St. Louis, Brownsville & Mexico Railway Company of Texas. The allegations in the petition for writ of error are very full and complete in their statement of the reasons why said judgment is not a proper or binding judgment against the St. Louis, Brownsville & Mexico Railway Company, hereafter styled plaintiff in error. A supersedeas bond was filed on the same day the petition for writ of error was filed, and

the execution issued on the judgment was consequently returned not executed, because of the filing of said supersedeas bond.

On September 20, 1923, plaintiff in error filed in the lower court an answer to the writ of garnishment, in which it denied all the allegations of plaintiff in error in its application for the writ of garnishment, and prayed for its discharge, with an allowance for attorney fees. The bond executed by defendant in error in its garnishment suit described the garnishee as the St. Louis, Brownsville & Mexico Railway Company, though in the caption the garnishment suit is styled as in the application, and as subsequently given in the judgment.

It will be noted that the name of St. Louis, Brownsville & Mexico Railway Company of Texas, a corporation, and the name of St. Louis, Brownsville & Mexico Railway Company, a corporation, are essentially and materially different. Therefore we are first confronted with the question whether or not defendant in error has a right to prosecute this writ of error from a judgment rendered against a corporation of a different name. There is no statement of facts, and we are relegated to the pleadings and acts of the parties as a basis for the determination of this question.

The application for the writ of garnishment alleges that the St. Louis, Brownsville & Mexico Railway Company of Texas, a corporation, has a representative and agent in Dallas county, Tex., by the name of Chas. N. Gray, general agent, and that its domicile is in Dallas, Dallas county, Tex. The petition for writ of error alleges that plaintiff in error is a corporation duly incorporated under the laws of the state of Texas, and has its principal office and domicile at Kingsville, in Kleberg county, Tex., and admits that the writ of garnishment was served upon Chas. N. Gray, one of its employés, but denies that the said Gray was an agent for service of legal process issued against it.

Defendant in error, by causing execution to issue on the judgment in the garnishment case against plaintiff in error, conclusively showed that its intention at the time of the issuance of the execution was to hold plaintiff in error as the garnishee in said suit. This can only be done on the assumption that its intention was to name plaintiff in error as the actual garishee, and that the failure to do so was because of a mistake; that plaintiff in error received notice of the suit, knew that it was the party intended to be held as garnishee, and did not attempt to have the mistake as to its name corrected, and will be bound by the judgment as against any collateral attack.

[1] It is the settled law of this state that the misnomer of a corporation defendant which could not mislead merely entitles said defendant to abate the proceedings until the misnomer could be corrected. If the defendant stands by and permits judgment by default to be taken against it, without making any move to abate the proceedings until said misnomer should be corrected, such judgment is not void and is binding on said defendant against any collateral attack.

[2] While in the instant case it is not made clear that plaintiff in error either is the party intended to have been sued as garnishee, or that it knew that it was the party against whom suit was actually brought, yet the statement above indicates that such probably is the fact, and plaintiff in error should not be denied the right of having the judgment reviewed. We therefore hold that, in view of these facts, defendant in error had the right to file its petition in error and thereby bring the case to this court for appellate review. Abilene Ind. Tel. Co. v. John Williams, 111 Tex. 102, 229 S. W. 847; Arcola Sugar Mills Co. v. Doherty (Tex. Civ. App.) 254 S. W. 650.

A number of errors are assigned by plaintiff in error, but, in the view we take of this case, it is only necessary to notice the assignment which challenges the sufficiency of the affidavit in the application for garnishment. The application for the writ of garnishment is not in itself in the form of an affidavit. It is nowhere stated in the body of the application that the applicant makes the statements, or any of them, therein contained under oath; but, on the contrary, the application contains mere allegations as to the existence of the facts necessary to secure the writ of garnishment.

[3] Article 273, Revised Statutes, provides that before the issuance of the writ of garnishment the plaintiff shall make oath that the facts authorizing the issuance of the writ exist.

The defendant in error alleges all these necessary facts, but nowhere states that they are made on oath. The application is signed by Dallas Cooperage & Woodenware Company, Dan A. Kivlen, chairman, affiant. There then follows the following affidavit:

"I, Dan A. Kivlen, on oath state that I make said affidavit as the agent, trustee, manager and president, of the Dallas Cooperage & Woodenware Company, a trust estate, and that I am authorized to make same for said plaintiff. [Signed] Dan A. Kivlen, Affiant.

"Sworn and subscribed to before me this the 9th day of March, 1923. Mary Cook, Notary Public, Dallas County, Texas."

It will be noted that the maker of this affidavit only makes oath to his connection and position with defendant in error, and that he is authorized to make same. There is no affidavit as to the truth of the matters alleged in the application for garnishment. The mere fact that in his signature to the application he describes himself as affiant is not evidence that he swore to the truth of the allegations in the application. Especial-

ly is this so when in his affidavit he states the matter that he does swear to.

[4]. To make a valid oath or affirmation there must be some overt act which shows that there was an intention to take an oath or affirmation on the one hand, and an intention to administer' it on the other. When the affidavit is in writing, this overt act must be shown by the instrument itself, in unambiguous language; for otherwise, a charge of perjury could not be based thereon, and this is the test of the sufficiency of an affidavit. 1 R. C. L. 765.

It could not be contended that the maker of the affidavit attached to the application for garnishment could be prosecuted for perjury because of the falsity of any of the allegations contained in the application for garnishment. We therefore hold that the application for garnishment is not supported by the affidavit required by article 273, Revised Statutes.

[5] Garnishment rests wholly upon judicial process, and depends upon the due pursuit of the steps prescribed by law for its prosecution. The right to have the money or thing in the hands of the garnishee and due or belonging to the debtor of the complaining creditor, appropriated to the debt due said creditor, depends upon a strict following of the processes provided by law. If any of these processes are not followed, then the right to have a decree entered against the property of the debtor has failed, for the court has acquired no jurisdiction over the money or thing in the possession of the garnishee. Ins. Co. of North Am. v. Friedman Bros., 74 Tex. 56, 11 S. W. 1046.

In the instant case, because of the failure to support the application for garnishment with a proper affidavit, the court was without jurisdiction to enter judgment against the garnishee, and the case will be reversed and rendered in favor of plaintiff in error, St. Louis, Brownsville & Mexico Railway Co.

Reversed and rendered.