**BARTEX, INC., a corporation, Appellant,**

v.

**Kenneth D. NAPPER and George Allen Napper, et al., Appellees.**

No. 18047.

Court of Civil Appeals of Texas, Dallas.

March 8, 1973.

Paul Thorp, Matthews & Thorp, Dallas, for appellant.

H. G. Hurlbut, Dallas, for appellees.

BATEMAN, Justice.

Bartex, Inc. appeals from a summary judgment quashing writs of garnishment issued in connection with and ancillary to its main suit against the appellees to recover damages for breach of contract and to recover for certain debts alleged to be owing by appellees. Our question is whether appellees carried their burden of showing that the suit was not for a liquidated debt but was for damages which were unliquidated. We answer this question in the affirmative.

Appellant's original petition was filed and the writs of garnishment were issued on February 4, 1972. In the petition it was alleged that appellees contracted to perform certain construction work for appellant on two housing projects; that the contracts obligated appellees to pay their workmen promptly and provided that upon their failure to do so the contracts may be terminated and appellant may complete the work for the account of appellees; that appellees refused to pay their employees on February 4, 1972 for work done by them in the preceding week, which claims were lienable; that appellant became obligated to pay appellees' payrolls, amounting to a total of $11,109.37; that on January 27, 1972 appellant overpaid appellees $2,000 for work done on one of the projects "as an advance against performance of such work," which has not been repaid; that appellees were entitled to credits totaling $4,739, reducing the amount due at the time of the filing of the petition to $8,370.-37; that it was incumbent upon appellant to complete the work for the account of the appellees "and that at this time, the cost of completing such work less the balance of the contract prices remaining unpaid to Defendants is unknown, and Plaintiff's expenses chargeable to such contracts are continuing." Appellant prays for judgment for the said sum of $8,370.37, "plus such other sums as the losses Plaintiff may incur in performing said contracts, * * *."

The affidavit testimony submitted in support of appellees' motion for summary judgment established that appellant had not paid appellees' payrolls at the time of issuance of the writs of garnishment, and that at that time the amount of appellees' indebtedness to appellant, if any, was necessarily unknown, and that appellant's suit was not for "a debt" within the meaning of Section 2 of Vernon's Tex. Rev.Civ.Stat.Ann. art. 4076. This statute authorizes the issuance of writs of garnishment:

"2. Where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, * * *."

There is no authority for garnishment to secure a claim the amount of which is uncertain, indefinite or unliquidated, or which is not owned by the garnishor.

Appellant offered the affidavit of M. L. Barrett stating that appellant "has purchased negotiable checks issued by Kenneth D. Napper as maker and claims for debt against Kenneth D. Napper, all of which were due on and prior to February 4, 1972, said checks having been issued and said debts having been incurred by Kenneth D. Napper and/or George Allen Napper for services rendered, labor done, or material furnished to Defendants or either of them." It does not appear from that affidavit or from any other summary judgment evidence, *when* appellant purchased the checks or became the owner of the claims.

 Appellant also submitted the affidavit of its attorney, Mr. Paul Thorp, stating that as assistant secretary and attorney for Bartex, Inc., he holds in his possession "February 4, 1972 assignments in the total amount of $7,230.12, assigning to Bartex, Inc. debts and claims owed by K. D. Napper to the assignors," no part of which has been paid; also that "he has come into possession of business records of that corporation evidencing that on January 27, 1972, Bartex, Inc. * * * did make a personal loan, repayable on demand, to K. D. Napper in the amount of $2,000, and that said loan has not been repaid and is due and owing * * *." This affidavit is obviously hearsay, is inadmissible and not evidence of probative force to establish the alleged debts. Harper v. FMC Corporation, Niagara Chemical Division, 407 S. W.2d 854 (Tex.Civ.App., Waco 1966, no writ); 24 Tex.Jur.2d, Evidence, §§ 562, 573, pp. 66, 89.

Moreover, appellant's only point of error on appeal recites that its "suit included a ground of recovery based upon Appellees' liquidated debts incurred with third parties, which debts Appellant has acquired and is entitled to enforce apart from the breach of contract action." This evidently has reference to the payroll checks and other claims mentioned above and not to the alleged loan, for the latter could not be said to have been "incurred with third parties." Therefore, the judgment appealed from is not reviewable on the theory that the alleged loan was "a debt" in existence when the writs were issued. Furthermore, the only $2,000 item mentioned in appellant's petition was alleged, not as a loan, but as an overpayment or advance against performance by appellees of one of the contracts. Therefore, there was neither pleading nor admissible evidence of a loan, and the concept of a loan is not within the ambit of a point of error on appeal.

For the reasons above given, we hold that the summary judgment quashing the writs of garnishment was correct and it is therefore affirmed.