David A. JOSEPH, Plaintiff,

v.

COMMUNITY ACTION COMMISSION TO HELP the ECONOMY, INC. and Valentine Liu, In His Official Capacity as Chairman of Cache Board of Directors, Defendants.

No. 79 Civ. 3925.

United States District Court, S. D. New York.

Oct. 15, 1980.

Ronald R. Benjamin, Binghamton, N. Y., for plaintiff.

Oppenheim, Drew & Kane, Monticello, N. Y., for defendants; Stephen L. Oppenheim, Monticello, N. Y., of counsel.

## MEMORANDUM AND ORDER

### WHITMAN KNAPP, District Judge.

Before us is an action brought under 42 U.S.C. § 1983.[1] Plaintiff, who on May 8, 1979 was discharged as Director of a housing program administered by defendant Community Action Commission to Help the Economy, Inc. ("CACHE"), claims that his discharge violated his rights under the First and Fourteenth Amendments. Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing in essence that plaintiff's employment was terminated because of insubordination on his part and not in derogation of any constitutionally guaranteed right; and that there has been no "State action" on defendants' part to support a claim under § 1983.

It is clear that whether or not plaintiff was discharged for insubordination presents a question of fact, and in this respect summary judgment would be inappropriate. However, because we find that defendants did not act under color of State law in discharging plaintiff, this court lacks jurisdiction over his claim, and the action must therefore be dismissed.

Defendant CACHE is a community action agency designed to assist and improve the quality of life for the socially and economically disadvantaged of Sullivan County, New York. In enacting the Economic Opportunity Act of 1964, Congress provided for such local community action agencies in order "to stimulate a better focusing of all available local, State, private, and Federal resources upon the goal of enabling low–income families, and low–income individuals of all ages, in rural and urban areas, to attain the skills, knowledge, and motivations and secure the opportunities needed for them to become fully self–sufficient." 42 U.S.C. § 2781(a). The Act requires that these agencies be administered by a board, one third of whose members must be "elected public officials, or their representatives". 42 U.S.C. § 2791(b).[2] Plaintiff claims that CACHE receives a substantial part of its funds from Sullivan County,[3] and that CACHE is under such extensive government regulation as to be under government control. Consequently, plaintiff contends that in discharging him, CACHE acted under color of State law for § 1983 purposes. We disagree.

1. 42 U.S.C. § 1983 provides:
   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. 42 U.S.C. § 2791(b) provides:
   "Each board to which this subsection applies shall consist of not more than fifty–one, and not less than fifteen, members and shall be so constituted that (1) one–third of the members of the board are elected public officials currently holding office, or their representatives, except that if the number of elected officials reasonably available and willing to serve is less than one–third of the membership of the board, membership on the board of appointive public officials may be counted in meeting such one–third requirement, (2) at least one–third of the members are persons chosen in accordance with democratic selection procedures adequate to assure that they are representative of the poor in the area served, and (3) the remainder of the members are officials or members of business, industry, labor, religious, welfare, education, or other major groups and interests in the community. Each member of the board selected to represent a specific geographic area within a community must reside in the area he represents. No person selected under clause (2) or (3) of this subsection as a member of a board shall serve on such board for more than five consecutive years, or more than a total of ten years."

3. In his complaint, plaintiff alleges that CACHE receives approximately $45,000, constituting 25% of its funds, from Sullivan County. In an affidavit annexed to defendants' motion papers, Gladys Walker, CACHE's Executive Director, concedes that during 1979 CACHE received approximately $43,000, constituting about 20% of its funds, from Sullivan County.

This is not plaintiff's first attempt to maintain a § 1983 lawsuit against a community action agency from which he has been discharged. In his complaint, filed July 27, 1979, he states that he "has been employed by defendant CACHE since 1965, except for a one–year absence in 1974–1975." However, he fails to state, in the complaint or elsewhere before us, that: during said one–year absence, in 1975, he was Executive Director of the Ulster County Community Action Committee ("UCCAC"), an anti–poverty agency which was also established pursuant to the Economic Opportunity Act of 1964 and similar to CACHE in all relevant respects; he was discharged from this position on January 9, 1976; he subsequently brought an action against UCCAC and the members of its Board of Directors under various federal statutes, including § 1983, claiming that his discharge (like the one at bar) was in violation of his constitutional rights;[4] and that the complaint in such action was dismissed in its entirety on August 23, 1979[5] by Judge Sand of this court "for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted." *Joseph v. Ulster County Community Action Committee Inc.* (S.D.N.Y.1979) 475 F.Supp. 944, 945. With respect to the § 1983 claim, Judge Sand specifically found that there had been no State action on the part of the defendant (*Id.* at 947–48):

"State action depends on 'whether there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may fairly be treated as that of the state itself'. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 176, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972). Further '[t]he state must be involved not simply with some activity of the institution alleged to have inflicted injury upon a plaintiff but with the activity that caused the injury.' *Powe v. Miles*, 407 F.2d 73, 81 (2d Cir. 1968).

"Applying these standards to the instant action, plaintiff's claim would fail even if he were to prove at trial that the state regulations over some of UCCAC's programs were pervasive because the state was not involved in the challenged activity itself. The plaintiff does not claim, nor does it appear from all the facts presented, that the State of New York regulated UCCAC's personnel policies or was in any way involved with the plaintiff's dismissal. See *Graseck v. Mauceri*, 582 F.2d 203 (2d Cir. 1978), *cert. denied sub nom. Graseck v. Middlemiss*, 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 91 (1979)."

Similarly, plaintiff does not here claim, nor does it appear from all the facts presented, that the State of New York regulated CACHE's personnel policies or was in any way involved in plaintiff's discharge.[6] Cf. *Johnson v. Jumelle* (S.D.N.Y. 1974) 64 F.R.D. 708. We therefore follow Judge Sand in finding that there was no State action and conclude that this court lacks jurisdiction over plaintiff's § 1983 claim.

The action is dismissed.

SO ORDERED.

---

**4.** Having come upon plaintiff's action against UCCAC purely by happenstance, we took pains to determine whether the David Joseph who is plaintiff before us is the same individual who was plaintiff in the earlier law suit. Any lingering doubts in this regard were resolved upon reading in Paragraph 15 of the complaint in *Joseph v. Ulster County Community Action Committee Inc., supra,* that "Plaintiff, David Joseph, in March 1975 was the Executive Director of Community Development for CACHE, an anti-poverty agency in Liberty, New York."

**5.** We note that plaintiff's action against UCCAC was still pending before Judge Sand at the time the instant action was commenced.

**6.** Plaintiff alleges that the "public" members of CACHE's Board, that is, those who are elected public officials or their representatives, see note 2, *supra,* exert a disproportionate influence on the Board's decisions. This contention is supported by an affidavit submitted by plaintiff's former Administrative Assistant, but is disputed in the affidavit submitted by CACHE's Executive Director, see n. 3, *supra.* Assuming, *arguendo,* that the individuals who happened to be "public" members of the Board were in fact more influential than their colleagues, we do not believe that this could somehow be construed as constituting "State action".