**MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC., Appellant,**

v.

**ALLIED BANK OF TEXAS, Appellee.**

**No. A14–85–570–CV.**

Court of Appeals of Texas,
Houston (14th Dist.)

Jan. 30, 1986.

Rehearing Denied Feb. 27, 1986.

W. Bruce Monning, Rebecca L. Burt, Dallas, for appellant.

Margaret Streeter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

ELLIS, Justice.

This is an appeal from a default judgment in garnishment entered against Appellant.

Appellee filed an Application for Writ of Garnishment after Judgment to garnish all accounts in Appellant's possession in the name of its debtor, Patrick S. Martin, and/or Patricia Motlow Boyd Martin to collect a judgment obtained by the Bank of Texas against Patrick S. Martin on December 2, 1970. The Bank of Texas merged to become Continental Bank of Texas which became Allied Bank of Texas in 1975. The amount of that judgment was $25,738.89, together with interest at the rate of ten per cent per year from January 16, 1970 until the date of judgment, plus $2,573.89 in attorney's fees and interest on the total judgment until paid. Martin failed to pay any amount toward the satisfaction of the judgment. Appellant, Merrill Lynch, garnishee below, neither appeared nor answered, and a default judgment in garnishment was rendered against it on November 28, 1984. It is from this default judgment that Appellant seeks a writ of error from this court.

To obtain a writ of error, Appellant must meet three prerequisites. The writ must be filed within six months of the judgment appealed from; the error in the judgment must appear affirmatively on the face of the record; and the plaintiff in error cannot have participated either in person or through counsel in the actual trial of the case. Tex.Rev.Civ.Stat.Ann. art. 2255 (Vernon 1971) [1]; Tex.Rev.Civ.Stat.Ann. art.

1. *Repealed by* Acts 1985, 69th Leg., p. 7218, ch. 959, § 9(1) (eff. Sept. 1, 1985) (current version at Tex.Civ.Practice & Remedies Code § 51.013 (Vernon 1986)).

2249a (Vernon 1971)[2]; *Glenn W. Casey Constr., Inc. v. Citizen's Nat'l. Bank,* 611 S.W.2d 695, 698 (Tex.Civ.App.—Tyler 1980, no writ); *Lewis v. Beaver d/b/a Mid-State Indus.,* 588 S.W.2d 685, 686 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r. e.). Merrill Lynch did not answer or appear for the trial of this cause. Accordingly, it seeks a writ of error to correct errors of law which were made therein. We reverse the order of the trial court entering the default judgment and render judgment that the writ of error should be granted based on Appellant's first point of error.

In point of error one, Appellant contends the default judgment is reversible on writ of error because the garnishor/appellee, Allied Bank of Texas, failed to show that it owned the underlying judgment upon which the garnishment judgment is based. The writ of garnishment states that Allied Bank of Texas is entitled to the judgment. The application for writ of garnishment incorporates by reference the judgment referring to the Bank of Texas as owner of the judgment. The language in the writ of garnishment indicating ownership by Allied Bank of Texas is contradicted by the actual judgment which is in favor of Bank of Texas. Appellee did not explain anywhere in the record how the judgment passed from Bank of Texas to appellee. We know of no way of assuming, by judicial notice or otherwise, that the mergers forming Allied Bank of Texas served to transfer judgments belonging to Bank of Texas to appellee.

██ It has been stated that "the remedy of garnishment is summary and harsh and it follows that such proceedings cannot be sustained unless they are in strict conformity with statutory requirements." *Casey Constr.,* 611 S.W.2d at 700. Article 4076(3)[3] set forth the requirements for obtaining post-judgment garnishment. The garnishor needs to show that he has a "valid, subsisting judgment...." Case law had interpreted this statute as requiring that the garnishor establish ownership of the underlying judgment. *See, e.g., Weinstein v. Wilhide Equip. Co.,* 397 S.W.2d 94, 96 (Tex.Civ.App.—Tyler 1965, no writ); *Bartex, Inc. v. Napier,* 492 S.W.2d 285, 286 (Tex.Civ.App.—Dallas 1973, no writ). Therefore, unless error has been waived by appellant's failure to appear before default, the garnishment judgment must be reversed for noncompliance with 4076(3).

██ It has been held that the failure to substantially comply with the statutes and rules governing garnishment procedure renders the garnishment judgment void. 17 Tex.Jur.3d, § 374 (1982); *Parker-Morgan Lumber Co. v. Parrish,* 291 S.W. 266, 267 (Tex.Civ.App.—Beaumont 1927, no writ). Certain defects in the garnishment procedure which are neither fundamental nor jurisdictional are waived when the garnishee fails to answer the writ before default. *Hudler-Tye Constr., Inc. v. Pettijohn & Pettijohn Plumbing, Inc.,* 632 S.W.2d 219, 223 (Tex.App.—Fort Worth 1982, no writ); *See Barton v. Montex Corp.,* 295 S.W. 950, 951 (Tex.Civ.App.—Austin 1927, no writ) (failure to follow a statutory requirement which is a mere irregularity which garnishee might waive is not sufficient to render judgment void). In this case, however, Appellee's assertions of ownership are contradicted by the judgment. We believe such a defect is substantial and can be challenged by the defaulting garnishee on writ of error.

In its post-submission brief, Appellee contends Appellant has waived its right to challenge Allied Bank's capacity to sue in lieu of Bank of Texas by failing to specially except, citing *Jauregui v. Jones,* 695 S.W.2d 258 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). On writ of error, appellant seeks to overturn the default judgment for noncompliance with 4076(3). Its argument is not based on the affirmative defense of lack of capacity to sue.

---

**2.** *Repealed by* Order of Dec. 5, 1983 (eff. April 1, 1984) (current version at Tex.R.Civ.P. 360(2) (1985)).

**3.** *Repealed by* Acts 1985, 69th Leg., p. 7218, ch. 959, § 9(1) (eff. Sept. 1, 1985) (current version at Tex.Civ.Practice and Remedies Code § 63.-001(3) (Vernon 1986)).

Our disposition of point of error No. 1 makes it unnecessary for us to address Appellant's points of error two through nine. We reverse the judgment of the trial court granting the default judgment for a writ of garnishment in favor of Appellee Allied Bank and render judgment granting the writ of error.