TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00395-CV






Zeecon Wireless Internet, LLC, Appellant


v.


American Bank of Texas, N.A. and Joanna McEwen, Appellees






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 32423, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING





O P I N I O N


 This appeal arises from a garnishment proceeding. Joanna McEwen (the judgment
creditor and garnishor) sought to satisfy, by writ of garnishment, a judgment she had obtained against
Zeecon Wireless Internet, LLC in a suit for breach of contract. McEwen initiated a proceeding to
garnish funds belonging to Zeecon on deposit at American Bank of Texas, N.A. (the garnishee). The
garnishment writ was issued and served on American Bank, but garnishment documents were never
served on Zeecon. The district court dissolved the writ but ordered a portion of Zeecon's funds
disbursed to American Bank and McEwen to compensate them for their attorney's fees and costs
incurred in connection with the garnishment proceeding. By one issue, Zeecon contends that the
garnishment order was invalid to the extent it disbursed funds because McEwen failed to serve
Zeecon with the garnishment documents as required by Texas Rule of Civil Procedure 663a and
because the affidavit supporting the writ was insufficient. We conclude that, because McEwen failed
to strictly comply with the statute and rules requiring service on the debtor in a garnishment
proceeding, the portion of the district court's order purporting to distribute some of Zeecon's funds
is void. Accordingly, we vacate that portion of the judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 In the underlying suit, McEwen sued Zeecon for breach of a lease agreement in which
Zeecon agreed to build and maintain a radio tower on McEwen's property. (1) Zeecon began digging
a seven-foot hole for the installation of the tower but stopped when the presence of "blue stone" rock 
two feet below the surface prevented it from digging any deeper. Zeecon offered McEwen $200 for
cancellation of the agreement. McEwen refused this offer and filed suit for breach of contract. After
a bench trial, the district court awarded McEwen $4,800 in damages for breach of contract plus
pre- and postjudgment interest, attorney's fees, and costs. Zeecon filed a notice of appeal but did
not immediately take action to supersede the judgment. McEwen filed an application for writ of
garnishment, pursuant to which the district clerk issued a writ of garnishment to American Bank, a
financial institution where Zeecon maintained an account. McEwen had American Bank served with
the writ of garnishment. McEwen sent Zeecon's counsel a "notice of garnishment" stating simply
that certain unidentified property owned by Zeecon had been garnished and that Zeecon had a right
to seek to regain possession of the property by filing a replevy bond or moving to dissolve the writ. 
That notice, however, was not accompanied by a copy of the writ of garnishment itself, nor by the
application for writ of garnishment, nor by accompanying affidavits, nor by any orders of the court,
all of which are required by Texas Rule of Civil Procedure 663a to be served on the debtor. 
McEwen did not serve Zeecon directly with any such documents.

 After the garnishment proceeding was initiated, Zeecon filed a supersedeas bond to
suspend enforcement of the underlying judgment. McEwen then filed a motion to abate the
garnishment proceeding pending finality of the underlying judgment. The record does not indicate
how, if at all, the court disposed of this motion.

 Several months later Zeecon moved to "dismiss and dissolve the writ of garnishment
and suspend collection or enforcement of the judgment." Zeecon contended in its motion that
(1) McEwen had failed to serve it with the application for writ of garnishment, the accompanying
affidavits, and a copy of the writ of garnishment as required by rule 663a of the Texas Rules of Civil
Procedure; (2) the affidavit supporting the application for the writ of garnishment was insufficient
to meet the requirements of the garnishment statute; and (3) the supersedeas bond suspended
enforcement of the judgment. Zeecon requested that the court suspend enforcement of the
underlying judgment, "dismiss and dissolve" the writ of garnishment, and release to Zeecon the
funds that were the subject of the garnishment proceeding. After a hearing on Zeecon's motion, the
district court signed an order that dissolved the writ of garnishment but directed the garnishee,
American Bank, to disburse the funds in the following manner:


 1. $860, consisting of $500 in attorneys' fees and $330 in court costs, to McEwen; (2)

 2. $500 in attorneys' fees to counsel for American Bank; and

 3. the remaining balance to Zeecon.


Pursuant to the order, American Bank reduced the balance of Zeecon's funds on deposit with the
bank by $1,330, paying that amount to McEwen and to its own attorneys, then released the remainder
to Zeecon. Zeecon contends on appeal that the garnishment was invalid due to (1) McEwen's failure
to comply with the service requirements of the garnishment statute, and (2) insufficiency of the
affidavit supporting the application for writ of garnishment. On these bases, Zeecon argues that the
district court had no authority to order the funds disbursed to any party but Zeecon.


DISCUSSION

 Garnishment is a statutory proceeding brought by a judgment creditor (the garnishor)
whereby the property, money, or credits of the judgment debtor (the debtor) in the possession of
another (the garnishee) may be applied to payment of the final judgment against the debtor. 
See Bank One Tex., N.A. v. Sunbelt Sav., F.S.B., 824 S.W.2d 557, 558 (Tex. 1992); Beggs v. Fite,
106 S.W.2d 1039, 1042 (Tex. 1939). A garnishment proceeding is a proceeding quasi in rem, and
the garnishee effectively becomes the receiver of the court, holding the property until it is determined
who is entitled to it. Cockrum v. Cal-Zona Corp., 373 S.W.2d 572, 574 (Tex. Civ. App.--Dallas
1963, no writ).

 The remedy of garnishment is purely a creature of statute and was unknown at
common law. Beggs, 106 S.W.2d at 1042; Walnut Equip. Leasing Co. v. J-V Dirt & Loam,
907 S.W.2d 912, 915 (Tex. App.--Austin 1995, writ denied). Consequently, both the Texas
Supreme Court and this Court have held that garnishment proceedings cannot be sustained unless
they strictly conform to the statutory requirements and related rules governing such proceedings. 
Beggs, 106 S.W.2d at 1042; Walnut Equip. Leasing Co., 907 S.W.2d at 915; Hering v. Norbanco
Austin I, Ltd., 735 S.W.2d 638, 641 (Tex. App.--Austin 1987, writ denied) ("It has long been the
law of the State that if a judgment-creditor intends to avail himself of the State's aid in effecting a
deprivation of property, he must strictly comply with the pertinent rules."). If any of the statutory
requirements are not met, the right to have a garnishment judgment rendered against the property of
the debtor fails. See St. Louis, Brownsville & Mexico R.R. v. Dallas Cooperage & Woodenware Co.,
268 S.W. 769, 771 (Tex. Civ. App.--Dallas 1925, no writ); see also Hanson v. Guardian Trust Co.,
150 S.W.2d 465, 467 (Tex. Civ. App.--Galveston 1940, writ dism'd) (proceeding in garnishment
is strictly statutory, procedure to be followed in such proceedings is clearly defined by statute, and
rules of equity have no place therein). This principle is broadly adhered to by our sister states. (3)

 Garnishment proceedings in Texas are governed by chapter 63 of the civil practice
and remedies code and rules 657 through 679 of the Texas Rules of Civil Procedure. See Tex.
R. Civ. P. 657-79; Tex. Civ. Prac. & Rem. Code Ann. §§ 63.001-.008 (West 2008). The Texas
Rules of Civil Procedure have the same force and effect as statutes. In re City of Georgetown,
53 S.W.3d 328, 332 (Tex. 2001).

 Rule 663a of the rules of civil procedure requires that the judgment debtor be served
with specified garnishment documents, and the service must be carried out in a precise way:


 The defendant shall be served in any manner prescribed for service of citation or as
provided in Rule 21a with a copy of the writ of garnishment, the application,
accompanying affidavits and orders of the court as soon as practicable following the
service of the writ. There shall be prominently displayed on the face of the copy of
the writ served on the defendant, in ten-point type and in a manner calculated to
advise a reasonably attentive person of its contents, the following:


 "To _____________________________, Defendant:


 You are hereby notified that certain properties alleged
to be owned by you have been garnished. If you claim
any rights in such property, you are advised:

 "YOU HAVE A RIGHT TO REGAIN POSSESSION
OF THE PROPERTY BY FILING A REPLEVY
BOND. YOU HAVE A RIGHT TO SEEK TO
REGAIN POSSESSION OF THE PROPERTY BY
FILING WITH THE COURT A MOTION TO
DISSOLVE THIS WRIT."



Tex. R. Civ. P. 663a.

 Rule 663a was added to the rules of civil procedure relating to garnishment actions
as part of a 1978 amendment of the rules in response to several prejudgment-seizure cases decided
by the United States Supreme Court. The Supreme Court had held that statutes permitting
prejudgment deprivation of a person's property without notice and an opportunity to be heard
violated due process. See Fuentes v. Shevin, 407 U.S. 67 (1972); Sniadach v. Family Fin. Corp.,
395 U.S. 337 (1969). Based on these cases, the Texas Supreme Court added rule 663a requiring the
garnishor to serve the debtor with "a copy of the writ of garnishment, the application, accompanying
affidavits and orders of the court." Tex. R. Civ. P. 663a; see Southwest Metal Fabricators, Inc.
v. Internacional De Aceros, 503 F.Supp. 75, 78 (S.D. Tex. 1980) ("As modified, the Rules meet the
constitutional test; property may no longer be frozen without notice and a hearing."). Whether due
process requires such notice in a postjudgment setting is not material to our case, because Texas law
requiring service on the debtor makes no distinction between prejudgment and postjudgment
garnishment proceedings. Hering, 735 S.W.2d at 640-41.

 Rule 663a is "unambiguous in its requirement that the debtor be given notice of the
garnishment and of his rights to regain his property." Id. at 641. The rule not only requires that the
garnishor serve the debtor with the writ of garnishment and other documents, but also provides that
the face of the writ must contain specific language advising the debtor of his right to regain
possession of the property at issue by filing a replevy bond or by filing a motion to dissolve the writ. 
It also prescribes the precise language and typeface that must be used to notify the debtor of his
rights. See Tex. R. Civ. P. 663a. Thus, the purpose of the service requirement is not only to advise
the debtor that the writ has issued but also to inform him of his rights to contest the garnishment. 
The garnishor must strictly comply with the requirement that it serve the debtor, and failure to
comply is more than a mere irregularity. Walnut Equip. Leasing Co., 907 S.W.2d at 915.

 The record in this case contains conclusive proof that McEwen failed to comply with
the rule 663a requirement that the garnishor serve the judgment debtor with a copy of the writ of
garnishment, the application for the writ, accompanying affidavits, and orders of the court. McEwen
does not contend otherwise. (4)

 The requirement of service on the debtor is not a mere technicality but is an integral
part of the statutory requirements in a garnishment proceeding. Here, this requirement was not met,
and McEwen therefore did not establish the right to have a garnishment judgment rendered against
Zeecon's property in the custody of American Bank. See Beggs, 106 S.W.2d at 1042; Walnut Equip.
Leasing Co., 907 S.W.2d at 915; Hering, 735 S.W.2d at 641; Parker-Morgan Lumber Co.
v. Parrish, 291 S.W. 266, 267 (Tex. Civ. App.--Beaumont 1927, no writ); St. Louis, Brownsville
& Mexico R.R., 268 S.W. at 771 ("Garnishment rests wholly upon judicial process, and depends
upon the due pursuit of the steps prescribed by law for its prosecution."). Consequently, the trial
court was correct in ordering the writ dissolved. (5)

 Thus, the only issue to be decided in the present case is whether, under the
circumstances, the trial court had the authority to disburse a portion of Zeecon's property to pay for
costs and attorneys' fees of the garnishor and garnishee. We conclude it did not. As stated above,
a judgment creditor who seeks to avail herself of the State's aid in effecting a deprivation of property
must strictly comply with the pertinent rules. Hering, 735 S.W.2d at 640-42; see also Abdullah
v. State, 211 S.W.3d 938, 943 (Tex. App.--Texarkana 2007, no pet.). Texas courts have held that
the failure to substantially comply with the statutes and rules governing the garnishment procedure
renders any judgment, other than one dissolving the writ, void. See Merrill, Lynch, Pierce, Fenner
& Smith v. Allied Bank, 704 S.W.2d 919, 920 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd
n.r.e.) ("[T]he failure to substantially comply with the statutes and rules governing garnishment
procedure renders the garnishment judgment void."); Parker-Morgan Lumber Co., 291 S.W. at 267
("The jurisdiction of the trial court over the fund in controversy depended on the validity of the
garnishment proceedings, and since the defect in the affidavit rendered the garnishment proceedings
void and of no effect, neither this court nor the trial court has jurisdiction beyond quashing such
proceedings and entering such judgment as will give effect to that order.").

 In the present case, this is the necessary result, because failure to properly serve the
debtor deprived the trial court of jurisdiction over the debtor's property--the res. Requena
v. Salomon Smith Barney, Inc., No. 01-00-00783-CV, 2002 Tex. App. LEXIS 1701, at *9 (Tex.
App.--Houston [1st Dist.] Mar. 7, 2002, no pet.) (mem. op.) (court does not obtain custody or
control over property of debtor unless he is properly served with writ); St. Louis, Brownsville
& Mexico R.R., 268 S.W. at 771 (if garnishment procedures prescribed by law are not followed, right
to have decree entered against debtor's property fails, "for the court has acquired no jurisdiction over
the money or thing in the possession of the garnishee"). (6) In an in rem or quasi in rem action, a court
has no authority to act unless it has acquired jurisdiction over the defendant's property, just as a court
in an in personam action has no authority to act unless it has acquired jurisdiction over the
defendant's person. See Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985) (judgment is void
when court had no jurisdiction of parties or property); Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex.
1990) (failure to affirmatively show strict compliance with rules of civil procedure renders attempted
service of process invalid and of no effect); Levy v. Roper, 256 S.W. 251, 252 (Tex. 1923) (judgment
rendered against defendant without service of citation or waiver of service is nullity); cf. Fidelity
& Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 574 n.1 (Tex. 2006) ("Receiving suit
papers or actual notice through a procedure not authorized for service is treated the same as never
receiving them.").

 Texas courts have also held that even the debtor's own voluntary appearance in the
garnishment proceeding does not waive the rule 663a service requirement. See Requena,
2002 Tex. App. LEXIS 1701, at *9 ("A voluntary appearance by a debtor does not waive the right
to service of the writ. . . . Without proper service of the writ on the debtor, no control or custody
of his property can be gained by his answer and appearance."); Mendoza v. Fruia Inv. Inc.,
962 S.W.2d 650, 652 (Tex. App.--Corpus Christi 1998, no pet.) ("Without proper service of the writ
on the debtor, no control or custody of his property can be gained by his answer."); Walnut Equip.
Leasing Co., 907 S.W.2d at 915 ("Given the requirement that a garnishor strictly comply with the
rules governing garnishment proceedings, we hold that J-V's voluntary appearance did not cure
Walnut's failure to serve it with a copy of the writ."); cf. Small Bus. Inv. Co. v. Champion Int'l
Corp., 619 S.W.2d 28, 30 (Tex. Civ. App.--Houston [1st Dist.] 1981, no writ) ("Only irregularities
such as defects in the affidavit or bond may be waived by the voluntary appearance of the debtor."). 
But see Del-Phi Eng'g Assocs., Inc. v. Texas Commerce Bank-Conroe, N.A., 771 S.W.2d 589, 591
(Tex. App.--Beaumont 1989, no writ).

 We recognize that not all defects in a garnishment proceeding will render the
garnishment judgment void. See Barton v. Montex Corp., 295 S.W. 950, 951 (Tex. Civ.
App.--Austin 1927, no writ) (failure to follow statutory requirement that is mere irregularity that
may be waived is not sufficient to render judgment void). Defects that can be waived do not
invalidate a garnishment proceeding. In the present case, however, McEwen failed to comply with
the service requirement mandated by rule 663a, an essential part of acquiring jurisdiction over the
res in a garnishment proceeding. And, as discussed above, in the unique statutory scheme of a
garnishment proceeding, it is a requirement this Court and others have held cannot be waived. 
Because McEwen failed to serve Zeecon as required by rule 663a, we conclude that the trial court
did not have the authority to disburse to third parties some of the funds sought to be garnished.
Accordingly, we hold that the writ of garnishment was properly dissolved, but the portion of the
judgment purporting to disburse to others a part of Zeecon's funds is void. Merrill, Lynch, Pierce,
Fenner & Smith, 704 S.W.2d at 920. We sustain Zeecon's appellate issue. (7)


CONCLUSION

 Due to McEwen's failure to serve Zeecon with a copy of the writ of garnishment, the
application for the writ of garnishment, accompanying affidavits, and orders of the court as required
by rule 663a, the portion of the court's judgment purporting to disburse some of Zeecon's funds to
third parties is void. Accordingly, we modify the trial court's judgment by vacating the portion of
the judgment disbursing part of Zeecon's funds to McEwen and American Bank, and we affirm the
judgment as modified.


 _____________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Puryear

 Dissenting Opinion by Justice Patterson

Modified and, as Modified, Affirmed

Filed: January 20, 2010


1. The factual background for the underlying action is taken from this Court's opinion in
Zeecon Wireless Internet, LLC v. McEwen, No. 03-06-00826-CV, 2006 Tex. App. LEXIS 9052 (Tex.
App.--Austin Oct. 19, 2006, no pet.) (mem. op.).
2. The figure $860 in this portion of the order appears to be a clerical error. The court
awarded McEwen a total of $830 ($500 in fees and $330 in costs).
3. See, e.g., Harvey v. Farms, Inc., 481 S.W.2d 348, 349 (Ark. 1972) ("Strict compliance with
garnishment statutes and judicial process is essential to the validity of garnishment proceedings.");
TBF Fin. LLC v. Houston, 680 S.E.2d 662 (Ga. Ct. App. 2009) (because garnishment is in
derogation of common law, plaintiff may not disregard its procedural requirements and when
garnishor fails to provide debtor with required notice, court is unable to grant the relief requested);
General Fin. Corp. v. Rainer, 155 N.E.2d 833, 835 (Ill. App. Ct. 1958) (courts hold consistently that
unless the terms of the statute are strictly followed the debtor will prevail); State Bank v. McKibben,
70 P.2d 1, 3 (Kan. 1937) (proceeding in garnishment is special and extraordinary remedy that must
be strictly followed and diligently pursued and prerequisite to efficacy of the garnishment is service
of summons or other process of equal potency on debtor); Beatty v. Conner, 923 S.W.2d 455, 460
(Mo. Ct. App. 1996) ("Jurisdiction [over the res] in a garnishment proceeding is extended as it
proceeds by following the dictates of the statute.") (citing State ex rel. Bagnell Inv. Co. v. Luten,
647 S.W.2d 539, 541 (Mo. 1983) (compliance with statutes and rules essential to both confer and
support jurisdiction over the res)); Grissum v. Soldi, 108 S.W.3d 803, 808 (Mo. Ct. App. 2003)
("Failure to proceed as required by statutes and rules constitutes abandonment or discontinuance of
a garnishment case. When the garnishment statutes and rules are not followed, a trial court is left
without jurisdiction to proceed."); Bristol v. Brent, 103 P. 1076, 1079 (Utah 1909) ("Whether the
court has jurisdiction over the res or not therefore does not depend on whether the garnishee objects,
but it depends entirely on whether the statute by virtue of which the court is authorized to act has
been complied with.").
4. In addition, Zeecon's brief states that McEwen never served it with the application for writ
of garnishment, the supporting affidavit, or a copy of the writ of garnishment. McEwen did not file
an appellate brief and does not otherwise dispute this assertion. We accept as true uncontradicted
facts contained in a party's brief. Tex. R. App. P. 38.1(g).
5. The order dissolving the writ does not state the grounds for dissolution. The trial court's
findings of fact and conclusions of law suggest that the court may have been motivated, at least in
part, by the fact that Zeecon had, by then, filed a supersedeas bond. No party to this proceeding
complains of the dissolution itself, however, and the trial court's basis for its dissolution ultimately
has no bearing on the outcome of this appeal. At issue in this case is the validity of the portion of
the court's order purporting to render a judgment against the debtor's funds when the garnishor had
failed to comply with the mandatory service requirement in the Texas garnishment rules.
6. Our sister states similarly hold that failure to comply with all statutory requirements is fatal
to the garnishment judgment because the trial court does not acquire jurisdiction over the debtor's
property. See, e.g., McKibben, 70 P.2d at 3 (garnishment procedure must be strictly followed and
diligently pursued otherwise it will not be given effect to reach assets of debtor in hands of third
party); Insurance Co. of N. Am. v. Issett, 269 N.W.2d 301, 303 (Mich. Ct. App. 1978) ("Since no
affidavit was filed and the statutory requirements were not fulfilled, the court lacked jurisdiction to
proceed in this matter."); Miller v. North Am. Ins. Co., 195 S.W.2d 529, 531 (Mo. Ct. App. 2006)
(garnishment statute is proceeding in rem and trial court's jurisdiction over res is extended as it
proceeds by following dictates of statute); Upjohn v. Board of Socorro County, 185 P. 279, 280
(N.M. 1919) (garnishment proceeding is wholly statutory and compliance with statute essential to
confer upon court jurisdiction of res).
7. Having sustained Zeecon's issue on the basis of lack of service, we need not address the
sufficiency of the affidavit supporting the garnishment application.